EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
HEATHER BUSHMAN
Supervising Deputy Attorney General
GREGORY J. MARCOT, State Bar No. 186546
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2606
 Fax: (619) 645-2581
 Email: Gregory.Marcot@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN BROWN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>L. E. SCRIBNER,<br><br>　　　　　Respondent. | 07-CV-2079 JAH (AJB)<br><br>**RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Magistrate Judge:　The Honorable Anthony J. Battaglia |

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | 5 |
| **INTRODUCTION** | 5 |
| **FACTUAL BACKGROUND** | 5 |
| **ARGUMENT** | 7 |
| I. PETITIONER'S FEDERAL HABEAS CLAIMS ARE UNTIMELY, UNEXHAUSTED AND FAIL TO RAISE A FEDERAL QUESTION. | 7 |
|     A. The Petition Is Untimely. | 7 |
|         1. The Petition Was Filed after AEDPA's One-year Statute of Limitations Had Elapsed. | 7 |
|         2. Petitioner Is Not Entitled to Equitable Tolling. | 8 |
|     B. Petitioner Has Failed to Exhaust His Administrative Remedies. | 9 |
|         1. Petitioner Never Sought State Appellate Relief. | 9 |
|         2. The Petition Should Be Dismissed and Not Stayed in Abeyance. | 9 |
|     C. Petitioner's Claims Fail to Set Forth a Proper Federal Habeas Claim for Relief. | 10 |
| II. TO THE EXTENT PETITIONER HAS SET FORTH A PROPER FEDERAL HABEAS CLAIM, HE HAS FAILED TO DEMONSTRATE THAT THE STATE COURTS' ADJUDICATION OF HIS CLAIMS WAS EITHER CONTRARY TO OR AN UNREASONABLE APPLICATION OF FEDERAL LAW, OR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS. | 11 |
|     A. Federal Standard of Review of State Court Denial of Petition For Writ of Habeas Corpus. | 11 |
|     B. The Riverside Superior Court's Rejection of Petitioner's Habeas Claims Was Not Based on an Unreasonable Determination of the Facts. | 12 |
| **CONCLUSION** | 14 |

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's   Case No. 07-CV-2079 JAH (AJB)

i

**TABLE OF AUTHORITIES**

Page

**Cases**

Baja v. Ducharme
187 F.3d 1075 (9th Cir. 1999) ... 5

Brewer v. Hall
378 F.3d 952 (9th Cir.) ... 12

Bruce v. Terhune
376 F.3d 950 (9th Cir. 2004) ... 12

Carothers v. Rhay
594 F.2d 225 (9th Cir. 1979) ... 9

Coleman v. Thompson
501 U.S. 722 (1991) ... 9

Favors v. Eyman
466 F.2d 1325 (9th Cir. 1972) ... 10

Ferguson v. Palmateer
321 F.3d 820 (9th Cir. 2003) ... 8

Gatson v. Palmer
417 F.3d 1030 (9th Cir. 2005) ... 8

Granberry v. Greer
481 U.S. 129 (1987) ... 9

Green v. White
223 F.3d 1001 (9th Cir. 2000) ... 8

Harris v. Superior Court
500 F.2d 1124 (9th Cir. 1974) ... 9

Hasan v. Galaza
254 F.3d 1150 (9th Cir. 2001) ... 7

Jefferson v. Budge
419 F.3d 1013 (9th Cir. 2005) ... 8

Jiminez v. Rice
276 F.3d 478 (9th Cir. 2001) ... 10

Lambright v. Stewart
91 F.3d 1181 (9th Cir. 1999) ... 10

Langford v. Day
110 F.3d 1380 (9th Cir. 1997) ... 10

Lewis v. Jeffers
497 U.S. 764 (1990) ... 10

TABLE OF AUTHORITIES (continued)

Page

*Lockyer v. Andrade*
538 U.S. 63 (2003) .......................................................................................... 11

*Middleton v. Cupp*
768 F.2d 1083 (9th Cir. 1985) ....................................................................... 10

*Miranda v. Castro*
292 F.3d 1063 (9th Cir. 2002) ......................................................................... 8

*Pace v. DiGuglielmo*
544 U.S. 408 (2005) ......................................................................................... 8

*Patterson v. Stewart*
251 F.3d 1243 (9th Cir. 2001) ......................................................................... 8

*Picard v. Connor*
404 U.S. 270 (1971) ......................................................................................... 9

*Plascencia v. Alameida*
467 F.3d 1190 (9th Cir. 2006) ....................................................................... 11

*Pulley v. Harris*
465 U.S. 37 (1984) ......................................................................................... 10

*Redd v. McGrath*
343 F.3d 1077 (9th Cir. 2003) ......................................................................... 7

*Rhines v. Weber*
544 U.S. 269 (2005) ....................................................................................... 10

*Rose v. Lundy*
455 U.S. 509 (1982) ......................................................................................... 9

*Sass v. Cal. Bd. of Prison Terms*
461 F.3d 1123 (9th Cir. 2006) ....................................................................... 12

*Schriro v. Landrigan*
___ U.S. ___
127 S. Ct. 1933 (2007) ..................................................................................... 5

*Shelby v. Bartlett*
391 F.3d 1061 (9th Cir. 2004) ......................................................................... 7

*Taylor v. Maddox*
366 F.3d 992 (9th Cir. 2004) ......................................................................... 12

*Wainwright v. Goode*
464 U.S. 78 (1983) ......................................................................................... 10

*White v. Klitzkie*
281 F.3d 920 (9th Cir. 2002) ........................................................................... 7

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's    Case No. 07-CV-2079 JAH (AJB)

iii

**TABLE OF AUTHORITIES (continued)**

Page

*Williams v. Taylor*
529 U.S. 362 (2000) ........... 11

*Woodford v Garcea*
538 U.S. 202 (2003) ........... 11

*Woodford v. Viscotti*
537 U.S. 19, 24 (2002) ........... 11

**Statutes**

United State Code
    Title 28
        §2244 ........... 3
        §2244(d)(1) ........... 7
        § 2244(d)(1)(D) ........... 7
        §2254 ........... 4
        §2254(b) ........... 9
        §2254 (c) ........... 9
        §2254(d)(1) ........... 11
        §2254(d)(2) ........... 4, 11-13
        §2254(e)(1) ........... 13

Federal Rule of Civil Procedure
    § 6(a) ........... 8

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's   Case No. 07-CV-2079 JAH (AJB)

iv

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  GREGORY J. MARCOT, State Bar No. 186546
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2606
     Fax: (619) 645-2581
9    Email: Gregory.Marcot@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORMAN BROWN,**<br><br>                          Petitioner,<br><br>v.<br><br>**L. E. SCRIBNER,**<br><br>                          Respondent. | 07-CV-2079 JAH (AJB)<br><br>**RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Magistrate Judge:   The Honorable Anthony J. Battaglia |

Respondent L. Scribner, Warden of Calipatria State Prison, answers the Petition for Writ of Habeas Corpus (Petition) filed by state inmate Norman Brown, and responds to the allegations of the Petition as follows:

   1.   Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation (CDCR) pursuant to a valid judgment entered in Riverside County. (Lodg. 1-

///

///

///

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's          Case No. 07-CV-2079 JAH (AJB)

1

1 | Certified Amended Abstract of Judgment dated November 16, 1982[1/]; Lodg. 2- Probation Officer's Report; Lodg. 3- Post-Conviction Appellate Decision.)[2/]

2. On August 10, 1983, Petitioner was convicted by a jury of one count of kidnaping, one count of robbery, six counts of forcible oral copulation while acting in concert with another person, three counts of forcible rape while acting in concert with another person, and one count of forcible rape with a foreign object and was sentenced to 70 years in state prison. (Lodgs. 1-3; Lodg. 4- Original Abstract of Judgment; Lodg. 5- Sentencing Transcript.)

3. Upon his delivery to CDCR's custody to serve his sentence, and CDCR's intake review of Petitioner's court records, CDCR noticed an apparent error in the sentencing court's calculation of Petitioner's sentence, in that the court had inadvertently added a year for a count that the court had stayed. (Lodg. 6- Letter from CDCR to the sentencing court dated November 8, 1983.) Thus, Petitioner's sentence should have been calculated to be sixty-nine years, instead of the seventy years indicated on the Abstract of Judgment. (Lodgs. 1, 4-6.) Upon receiving CDCR's letter, the sentencing court issued an amended abstract of judgment that corrected the sentence discrepancy. (Lodg. 1; Lodg. 7- Certified Minutes re: Modification of Judgment.)

4. In his current federal Petition, Petitioner does not challenge his conviction or his sentence, but rather contends that CDCR has miscalculated his release date based on an Amended Abstract of Judgment that does not bear a court-filing stamp, which Petitioner contends renders his sentence invalid. Furthermore, Petitioner contends that his conviction records were fraudulently altered thus rendering his sentence invalid.

5. On October 30, 2006, Petitioner filed a habeas petition challenging his sentence calculation based on the purportedly fraudulent conviction records in the Monterey County Superior Court. (Lodg. 8- Monterey County Superior Court Petition.) On December 18, 2006, the Monterey petition was transferred to the Riverside County Superior Court where it was

---

1. The poor legibility quality of Petitioner's conviction records is due to the fact that the copies were made from microfiche.

2. All lodgments referred to in this Answer and the supporting Memorandum of Points and Authorities are attached to Respondent's Notice of Lodgment, which is filed concurrently with this Answer.

assigned the case file number RIC462522. (Lodg. 9- Riverside County Superior Court Register of Actions for Case Number RIC462522.) On December 26, 2006, the court summarily denied the petition on its merits without analysis or citation to legal authority. (Lodg. 9; Lodg. 10- Riverside County Superior Court Minute Order dated December 26, 2006.) Respondent is informed and believes that Petitioner never sought further review of this petition in either the California Court of Appeal or in the California Supreme Court. (*See* Petn., pp. 4-5.)

6. On May 17, 2007, Petitioner filed a habeas petition challenging his sentence calculation based on the purportedly fraudulent conviction records in the Sacramento County Superior Court, which was transferred to the Riverside Superior Court on July 10, 2007. (Lodg.-11- Transfer Order.) The petition was received and filed by the Riverside Superior Court on October 12, 2007, and was denied by the court on December 12, 2007. (Lodg. 12- Riverside County Superior Court Register of Actions for Case Number RIC482978; Lodg. 13- Riverside County Superior Court Order.) In denying the habeas petition, the court stated that the contested abstract of judgment is current and is valid and reflects a total sentence of sixty-nine years. (Lodg. 13, at p. 3.) Respondent is informed and believes that Petitioner never sought further review of this petition in either the California Court of Appeal or in the California Supreme Court.[3] (*See* Petn., pp. 4-5.)

7. Respondent denies that the Petition is timely under AEDPA's one-year statute of limitations. 28 U.S.C. § 2244. Petitioner's claims of impropriety originate from the sentencing court's modification of his Abstract of Judgment, which was filed on November 16, 1982. (Lodg. 1.) Petitioner did not challenge his sentence calculation until he filed his original habeas petition with the Monterey Superior Court on October 30, 2006, which was well after Petitioner's one-year statute of limitations under AEDPA elapsed. (Lodg. 8.)

///

---

3. Over the course of Petitioner's incarceration, he has filed six habeas petitions with the California Supreme Court. (Lodg. 14- California Supreme Court Search Results by Case Party.) The most recent of these petitions, however, predates the filing of his superior court petitions involving the claims he is now advancing in his current petition. (Lodgs. 8, 11 & 12; Lodg. 15- California Supreme Court-Register of Actions for Case Number S142045.) Therefore, it does not appear that he has ever presented his current claims before the California Supreme Court.

8. Respondent denies that Petitioner has exhausted his state court remedies with respect to the relevant issues asserted in his current federal Petition. As indicated above, Petitioner has never sought relief in the California Court of Appeal or the California Supreme Court for the issues he is currently advancing in his federal Petition after his superior court habeas petitions were denied.

9. Notwithstanding the procedural deficiencies of the Petition, Respondent denies that Petitioner has demonstrated that his claims warrant federal review or relief. Respondent specifically denies that Petitioner's claims present a federal question invoking the jurisdiction of this Court because the purported improprieties involve issues of State law.

10. Respondent denies that Petitioner is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions that upheld the Board's decision were neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

11. Respondent denies that the state court orders that rejected Petitioner's claims of impropriety were based on an unreasonable determination of the facts of Petitioner's matter, in light of the evidence presented and contained in the record. 28 U.S.C. § 2254(d)(2); (Lodgs. 6, 8, and 10.)

12. Respondent denies that Petitioner has properly alleged an Eighth Amendment violation. Respondent further denies that Petitioner's Eighth Amendment rights were violated in any manner.

13. Respondent denies that Petitioner's right to counsel under the Sixth Amendment has been violated in any manner. The sentencing court sua sponte amended Petitioner's Abstract of Judgment to correct a clerical error brought to its attention by CDCR regarding the calculation of Petitioner's sentence. (Lodgs. 1, 4-7.) Because the court did not substantively alter the sentence that had been imposed against Petitioner, Petitioner did not have a right to be present when the sentencing court corrected the clerical error, nor was it necessary for Petitioner to be represented by counsel when the change was made. Furthermore, Petitioner was not prejudiced

///

by the correction of the clerical error because his release date was reduced by one year, from seventy to sixty-nine years. (*Id.*)

14. Respondent denies that the relief requested by Petitioner, that he be immediately released from custody, is a proper remedy for the purported violations he has alleged.

15. Respondent denies that an evidentiary hearing is appropriate or necessary in this case because Petitioner's claims can be resolved on the existing state court record. *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1940 (2007); *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

16. Except as herein expressly admitted, Respondent denies each allegation of the Petition. More specifically, Respondent denies that Petitioner's rights, state or federal, constitutional or otherwise, have been violated in any manner. Respondent further denies that Petitioner is entitled to the relief sought, or any other relief at all. This Answer is based upon the supporting Memorandum of Points and Authorities, the lodgments attached to the supporting Notice of Lodgment, and the records and files in this case, all of which are incorporated into this Answer by reference. Respondent respectfully requests that the Petition be denied with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner has conceived a grand conspiracy against him in which fraudulent court records have allegedly been fabricated to keep him incarcerated and upon which his current prison release date has been calculated.[4/] As demonstrated below, however, Petitioner's contentions are entirely without merit. Therefore, his petition should be dismissed with prejudice.

### FACTUAL BACKGROUND

On August 10, 1983, Petitioner was convicted by a jury of one count of kidnaping, one count of robbery, six counts of forcible oral copulation while acting in concert with another

---

4. Curiously, Petitioner fails to acknowledge that the abstract of judgment he contends is fraudulent calls for him to serve less time (69 years) than his original abstract of judgment (70 years).

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's    Case No. 07-CV-2079 JAH (AJB)

5

person, three counts of forcible rape while acting in concert with another person, and one count of forcible rape with a foreign object after kidnaping a young college student and subjecting her to a heinous gang rape over an extended period of time.[5] (Lodgs. 1-5.) Thereafter, the sentencing court prepared an abstract of judgment that indicated that Petitioner was sentenced to 70 years in state prison. (Lodgs. 4-5.)

Upon his transfer to CDCR's custody to serve his sentence, and upon CDCR's intake review of Petitioner's conviction records, CDCR noticed an apparent discrepancy in the sentencing court's calculation of Petitioner's sentence, in that the court had inadvertently added a year for a count that the court had stayed. (Lodg. 6.) Thus, according to CDCR's calculations, Petitioner's sentence should have been set at sixty-nine years, instead of the seventy years indicated on the original Abstract of Judgment. (Lodgs. 1, 4-6.) Upon receiving CDCR's letter, the sentencing court issued an amended abstract of judgment that corrected the sentence discrepancy. (Lodg. 1; Lodg. 7.)

According to the allegations in the Petition, at some undisclosed time later, while reviewing his institutional file, Petitioner found a copy of his amended judgment that did not have a court stamp indicating that the document had been filed. Thereafter, Petitioner concocted an elaborate theory that his conviction records had somehow been fraudulently manipulated and that his prison release date had thus been improperly calculated off of an invalid abstract of judgment. Not only do Petitioner's claims fail to set forth a proper claim for federal habeas relief, they are without merit. Accordingly, the Petition should be denied with prejudice.

///
///
///
///
///
///

---

5. A recitation of the facts of Petitioner's heinous crimes is unnecessary to resolve the issues raised in the instant Petition other than to justify the extended sentence that Petitioner received.

# ARGUMENT

## I.

### PETITIONER'S FEDERAL HABEAS CLAIMS ARE UNTIMELY, UNEXHAUSTED AND FAIL TO RAISE A FEDERAL QUESTION.

A.  **The Petition Is Untimely.**

   1. **The Petition Was Filed after AEDPA's One-year Statute of Limitations Had Elapsed.**

AEDPA designates a one-year statute of limitations on the filing of federal habeas petitions by state prisoners who are in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).[6] The Ninth Circuit has held that the one-year limitation period applies to all habeas petitions filed by persons in state custody even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004); *see also Redd v. McGrath*, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming without deciding that the limitations period applied to a habeas petition challenging an administrative parole decision).

For purposes of this action, AEDPA's one-year limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(the statute of limitations begins when the petitioner knows, or should have known, through the exercise of reasonable diligence, the important facts, not when he recognizes their legal significance.)

Here, the "factual predicate" or the basis of Petitioner's federal habeas claims first arose when Petitioner first became aware, or should have known, about the purportedly fraudulent abstract of judgment. In his Petition, Petition admits that the purportedly fraudulent abstract of judgment has been in his Central File since 1982. (*See* Petn., p. 25 [CDC 602 Appeal Form in which Petitioner states that the abstract of judgment has been in his Central File since 1982].)

---

6. Statute of limitations issues must be resolved before the merits of individual claims can be addressed. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).

Thus, Petitioner has had the means to identify the basis for his current habeas claims since 1982, however, AEDPA did not become effective until April 24, 1996. Thus, Petitioner's AEDPA limitations period began running on April 24, 1996, and expired one-year later on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not challenge the purported invalid abstract of judgment until he filed his initial habeas petition in the Monterey County Superior Court on October 30, 2006, which was several years after his limitations period had elapsed. (Lodg. 8.) As such, the Petition is untimely under AEDPA. Because Petitioner cannot cure this procedural defect, the Petition should be dismissed with prejudice.

    **2.    Petitioner Is Not Entitled to Equitable Tolling.**

    AEDPA's limitations period may be subject to equitable tolling, if extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner acted diligently in pursuing his rights.[7] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005). The petitioner "bears the burden of showing that equitable tolling is appropriate." *Gatson v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th Cir. 2006) (citing *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

    Here, Petitioner has not even attempted to explain his unreasonable delay in commencing his federal habeas action, let alone establish that extraordinary circumstances prevented him from filing a timely petition and that he has been diligent in pursuing his claims. Because Petitioner has failed to meet his burden of showing that he is entitled to equitable tolling, he should not be permitted to invoke equitable tolling to rescue his untimely federal habeas claims. Accordingly, the Petition is untimely under AEDPA's statute of limitations and should thus be dismissed with prejudice.

---

7. Petitioner is not entitled to invoke statutory tolling because his AEDPA limitations period ran before he filed his first state petition for collateral review. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *see Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) [statutory tolling merely pauses the clock; it does not restart anew the limitations period].

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's     Case No. 07-CV-2079 JAH (AJB)

### B. Petitioner Has Failed to Exhaust His Administrative Remedies.

#### 1. Petitioner Never Sought State Appellate Relief.

It is well settled that exhaustion of state court remedies is a mandatory prerequisite before seeking federal habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509 (1982); *Carothers v. Rhay*, 594 F.2d 225 (9th Cir. 1979). The exhaustion doctrine is premised on the fundamental policy of federal-state comity designed to give state courts the initial opportunity to correct constitutional deprivations of its prisoners. *Picard v. Connor*, 404 U.S. 270 (1971). To prove exhaustion, a petitioner must show that he presented the state's highest court with a fair opportunity to rule on the merits of the *identical issues* raised in the federal petition. 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). A petitioner who has failed to meet the state's procedural requirements has deprived the state courts of such an opportunity and thus has failed to exhaust his state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Here, Petitioner has not exhausted his state court remedies because he failed to present any of the claims he is now advancing in his current federal Petition to the California Court of Appeal or the California Supreme Court. Although Petitioner filed two separate habeas petitions in the superior courts, he never followed up by seeking state appellate relief for his claims. (*See* Petn. pp. 4-5.) Because Petitioner never presented the California Supreme Court with an opportunity to rule on the merits of all of the claims he is now advancing before this Court, his state court remedies remain unexhausted.[8] Therefore, the Petition is procedurally improper and should be dismissed.

#### 2. The Petition Should Be Dismissed and Not Stayed in Abeyance.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines

---

8. Because Petitioner can technically still return to the California Supreme Court to file an original petition for writ of habeas corpus in order to exhaust his state court remedies, his claims have not been procedurally defaulted. *See Harris v. Superior Court*, 500 F.2d 1124, 1126 (9th Cir. 1974) (if a state court denies a habeas petition due to a curable state procedural defect, there exists a failure to exhaust, rather than a procedural default.)

Resp.'t's Answer to the Pet. for Writ of Habeas Corpus; Supp. Memo of P's & A's    Case No. 07-CV-2079 JAH (AJB)

there was good cause for the petitioner's failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Furthermore, staying a petition that does not contain *any* exhausted claims and holding it in abeyance is improper. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001), *cert. denied*, 538 U.S. 949 (2003).

Here, this Court should not stay the Petition and hold it in abeyance because Petitioner has not shown good cause for why he has not exhausted all of his claims in the California Supreme Court. Therefore, the Petition should be dismissed in its entirety.

## C. Petitioner's Claims Fail to Set Forth a Proper Federal Habeas Claim for Relief.

Federal habeas corpus relief "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). When a petition for writ of habeas corpus raises only issues of state law, "the views of the state's highest court with respect to state law are binding on the federal courts." *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Lambright v. Stewart*, 91 F.3d 1181, 1183 (9th Cir. 1999)(It is not a function of the federal courts to re-examine state court determinations on state law questions). Thus, absent a constitutional violation, a federal court may not challenge a state court's interpretation or application of state law. *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

Moreover, a petitioner may not transform a state-law issue into a federal one merely by asserting a violation of the Constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Therefore, federal habeas corpus "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right in state courts unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees a procedural right in state courts." *Middleton*, 768 F.2d at 1085. If the petition alleges only a violation of state law, no federal claim is presented and the petition is subject to dismissal. *Favors v. Eyman*, 466 F.2d 1325, 1327 (9th Cir. 1972).

Here, Petitioner contends that his prison release date has been improperly calculated off of a state court abstract of judgment, which he contends is invalid because it does not have a

court-filing stamp indicating the document was ever filed. Assuming for the purposes of argument that Petitioner's abstract of judgment did not have a valid court-filing stamp–which it does (*see* Lodg. 1)–Petitioner's contention is an issue of state law, namely the validity of a state court judgment in light of a ministerial deficiency. Therefore, Petitioner has failed to set forth a proper federal habeas claim. As such, the petition should be denied.

## II.

**TO THE EXTENT PETITIONER HAS SET FORTH A PROPER FEDERAL HABEAS CLAIM, HE HAS FAILED TO DEMONSTRATE THAT THE STATE COURTS' ADJUDICATION OF HIS CLAIMS WAS EITHER CONTRARY TO OR AN UNREASONABLE APPLICATION OF FEDERAL LAW, OR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

**A.  Federal Standard of Review of State Court Denial of Petition For Writ of Habeas Corpus.**

The acknowledged purpose of the the Antiterrorism and Effective Death Penalty Act (AEDPA) is to "reduce delays in the execution of state and federal criminal sentences." *Landrigan*, 127 S. Ct. at 1940 *citing Woodford v Garceau*, 538 U.S. 202, 206 (2003) *citing Williams v. Taylor*, 529 U.S. 362, 386 (2000). To that end, the United States Supreme Court has stressed the importance of federal court deference to state court decisions. *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Thus, under AEDPA, federal habeas corpus relief is limited to cases in which the claims were adjudicated by a state court on the merits, and the state court's adjudication was either: "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," (28 U.S.C. § 2254(d)(1)); or "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(2); *Musladin*, 127 S. Ct. 649.

When reviewing a state court's summary denial of a habeas petition, federal courts "look through" the summary disposition to the last reasoned state court decision. *Plascencia v. Alameida*, 467 F.3d 1190, 1198 (9th Cir. 2006). When no state court has explained its reasoning on a particular claim, the federal court must conduct "an independent review of the record to

determine whether the state court's decision was objectively unreasonable." *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir. 2006).

**B.  The Riverside Superior Court's Rejection of Petitioner's Habeas Claims Was Not Based on an Unreasonable Determination of the Facts.**

Petitioner alleges various improprieties resulting from a purported invalid abstract of judgment that bears no court-filing stamp. Respondent is not aware of any clearly established Supreme Court law that addresses the issue of the validity of state court judgment without a court stamp.[9] Thus, the state court decisions that rejected Petitioner's claims cannot be deemed to be contrary to, or an unreasonable application of, clearly established supreme court law. *See Musladin,* 127 S. Ct. at 651, 654 ("Given the lack of holdings from this Court regarding" the claim, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" (alterations in original); *Brewer v. Hall* 378 F.3d 952, 955 (9th Cir.) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."). Therefore, Petitioner can only prevail if the state court decisions were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

When a petitioner challenges the state court's factual findings, the same standard of objective unreasonableness applicable to determining an unreasonable application of clearly established federal law applies to analyze the reasonableness of the state court's factual findings. *Bruce v. Terhune,* 376 F.3d 950, 954 (9th Cir. 2004); *Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir. 2004). If the state court decisions do not involve an objectively unreasonable determination of the facts, the federal court must refrain from review. *Andrade,* 538 U.S. at 76; *Landrigan,* 127 S. Ct. at 1940. Further, a federal habeas court *must* presume the factual determinations of the state court to be correct, and *may not* disregard the state court's determinations, unless the

---

9.  Clearly established federal law has been defined by the Supreme Court to be the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Musladin,* 127 S. Ct. at p. 653; *see also Plumlee v. Masto,* 512 F.3d 1204, 1210 (9th Cir. 2008) ("What matters are the holdings of the Supreme Court, not the holdings of lower federal courts.")

1 petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Landrigan*, 127 S. Ct. at 1940. When ascertaining whether the state court decisions were based on an unreasonable determination of the facts under § 2254(d)(2), it is inconsequential that a federal habeas court may, in its independent review, decide that the state court's judgment is incorrect. *Landrigan*, 127 S. Ct. at 1939 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable — a substantially higher threshold.").

Here, the Riverside Superior Court was the only state court to be presented with Petitioner's current habeas claims. As indicated above, Petitioner filed two independent state habeas actions, both of which were ultimately and independently ruled on and rejected by the Riverside Superior Court, one in summary fashion and one in a reasoned decision. (Lodgs. 10 & 13.) Regardless, and in the event Petitioner is excused from the procedural deficiencies detailed above, Petitioner has not presented any evidence, let alone clear and convincing evidence, to show that either of the state courts' findings were objectively unreasonable, nor can he because his abstract of judgment does have a court filing stamp.[10/] (Lodg. 1.) Because all of Petitioner's claims of impropriety originate from his misconception regarding the validity of his Amended Abstract of Judgment, all of his claims are without merit. Because Petitioner's Amended Abstract of Judgment is valid, the state court decisions that rejected Petitioner's habeas claims cannot be deemed to be unreasonable.[11/] Because Petitioner has failed to demonstrate an entitlement to federal habeas relief, the Petition should be denied with prejudice.

---

10. Petitioner also contends that the sentencing court's minutes regarding its modification of the abstract of judgment is fraudulent because on the reverse of the document is a date stamp of August 9, 1993. (*See* Petn., pp. 17-18(a).) What Petitioner fails to recognize, however, is the date stamp reflects the date when a copy of the minutes was prepared and certified. Thus, the 1993 date stamp has nothing to do with the date the original document was created, or when the hearing reflected in the minutes was held. As such, this claim has no merit.

11. Petitioner also questions the validity of the hearing in which the sentencing court sua sponte amended the abstract of judgment to correct the clerical error to reflect the true sentence that had been issued. (*See* Petn., pp. 10, 17-20.) Aside from being an issue of state law, Petitioner has not alleged any factual or legal reason why the sentencing court was not authorized to act in the manner in which it did.

## CONCLUSION

Because Petitioner's claims are procedurally and substantively without merit, he has failed to demonstrate that he is entitled to federal habeas relief. Therefore, the Petition should be dismissed with prejudice.

Dated: April 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General


/s/ Gregory J. Marcot


GREGORY J. MARCOT
Deputy Attorney General
Attorneys for Respondent

GJM/scb
70120354.wpd
SD2008700085

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Brown v. Scribner**

No.:   **07-CV-2079 JAH (AJB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On <u>April 14, 2008</u>, I served the attached **RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

NORMAN ANTHONY BROWN
CDC #C52068
CALIPATRIA STATE PRISON
P.O. BOX 5001
CALIPATRIA, CA 92233-5001

IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 14, 2008, at San Diego, California.

S. Banks
_____
Declarant

_____
Signature

70120751.wpd