cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ANTHONY BROWN,<br><br>    Petitioner,<br>v.<br><br>L.E. SCRIBNER, Warden,<br><br>    Respondents. | Civil No.07cv2079 JAH (AJB)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. Nos. 14, 16, 18, 20, 24, 26, & 28.) |

  Petitioner Norman Anthony Brown, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer on April 14, 2008. On June 5, 2008, Petitioner filed a Traverse. This Court has reviewed the Petition for Writ of Habeas Corpus, Respondent's Answer, Petitioner's Traverse and all supporting documents. After a thorough review, this Court finds that Petitioner is not entitled to the relief requested and **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED** for the reasons outlined below.

**Background**

  On August 10, 1982, Petitioner was convicted of one count of kidnaping in violation of California Penal Code section 207, one count of robbery in violation of Penal Code section 211, six counts of forcible oral copulation, in concert with another person in violation of Penal Code section 288a(d), three counts of forcible rape while acting in concert with another person in violation of Penal Code section 264.1, and one count of forcible rape with a foreign object in violation of Penal Code

1  section 289(a). (Lodgment 1-5.)  The trial court sentenced Petitioner to 70 years in state prison.
2  (Lodgment 4-5.)
3        In a letter dated November 8, 1983, when Petitioner was in the custody of the California
4  Department of Corrections and Rehabilitation's ("CDCR"), CDCR informed the sentencing court about
5  an error in its calculation of Petitioner's sentence, where the court had inadvertently added a year for a
6  count that the court had stayed. (Lodgment 6.)  Therefore, Petitioner's sentence should have been set at
7  sixty-nine years, instead of seventy years as indicated in the original Abstract of Judgment. (Lodgment
8  1, 4.)  The sentencing court issued an amended abstract of judgment correcting the discrepancy which
9  was filed on November 18, 1982. (Lodgment 1, 7.)
10       Petitioner argues that he is being held under an invalid abstract of judgment because the
11 amended abstract of judgment was never properly filed.
12       On October 30, 2006, Petitioner filed a habeas petition challenging his sentence calculation
13 based on the purportedly fraudulent conviction records in the Monterey County Superior Court.
14 (Lodgment 8.)  That petition was transferred to Riverside County Superior Court on December 18, 2006.
15 (Lodgment 9.)  On December 26, 2006, the court summarily denied the petition on its merits without
16 analysis or citation to legal authority. (Lodgment 9, 10.)
17       On May 17, 2007, Petitioner filed a habeas petition challenging his sentence calculation based on
18 the purportedly fraudulent conviction records in the Sacramento County Superior Court which was
19 eventually transferred to Riverside County Superior Court on October 12, 2007. (Lodgment 11.)  The
20 Superior Court denied the petition on December 12, 2007. (Lodgment 13.)
21       Based on a search result by case party name of the California Supreme Court, it appears that
22 Petitioner filed several appeals and habeas corpus petitions to the California Supreme Court with one
23 being denied on May 24, 2006. (Lodgment 14, 15.)

**Discussion**

**A.  Statute of Limitations**

26       The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 2006,
27 provides for a one-year limitations period for state prisoners to file a habeas petition in federal court.
28 See 28 U.S.C. § 2244(d).  The provision applies to habeas petitions challenging state administrative

1  decisions. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077,
2  1084-85 (9th Cir. 2003).
3        Where a habeas petitioner challenges an administrative decision, the limitations period begins to
4  run on "the date on which the factual predicate of the claim or claims presented could have been
5  discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Shelby, 391 F.3d at
6  1066; Redd, 343 F.3d at 1080-83. Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (the statute
7  of limitations begins when the petitioner knows or should have known through the exercise of reason-
8  able diligence the important facts and not when he recognizes their legal significance).
9        In this case, the "factual predicate" of Petitioner's claims arose when he became aware or should
10 have known about the allegedly fraudulent amended abstract of judgment. Petitioner states that the
11 fraudulent amended abstract of judgment has been in his Central File since 1982. (Pet. at 25.)
12 Petitioner does not provide the Court with an alternative date to show when he knew or should have
13 known about the allegedly invalid amended abstract of judgment. AEDPA became effective on April
14 24, 1996. Therefore, Petitioner's limitations began running on April 24, 1996 and expired on April 24,
15 1997. See Patterson v. Stewart, 251 F.3d 1243, 1245-57 (9th Cir. 2001).
16       Petitioner did not challenge the purported invalid abstract of judgment until October 30, 2006
17 when he filed a state habeas petition in Monterey County Superior Court. (Lodgment 8.) Therefore, the
18 statute of limitations ran on his claim. His petition is untimely unless the doctrine of equitable tolling
19 applies to extend the filing deadline.
20       Equitable tolling applies to AEDPA's one-year statute of limitations. Calderon v. United States
21 Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by
22 Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling will
23 be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his/her control that
24 make it impossible to file a petition on time. Id. (citing Alvarez-Machain v. United States, 107 F.3d
25 696, 701 (9th Cir.1997)).
26       Here, Petitioner has not provided the Court with any explanation why equitable tolling should
27 apply to his case and the Court cannot glean from the record any reason why equitable tolling would
28

1  apply. Therefore, equitable tolling does not apply and petition for writ of habeas corpus is untimely and
2  should be dismissed.

3  **B.    Exhaustion**

4  The exhaustion of available state remedies is a prerequisite to a federal court's consideration of
5  claims presented in a habeas corpus proceeding. 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S.
6  509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). The exhaustion requirement
7  is based on a policy of federal-state comity, designed to give state courts the initial opportunity to
8  correct alleged constitutional deprivations. Picard v. Connor, 404 U.S. 270, 275 (1971); Crotts v. Smith,
9  73 F.3d 861, 865 (9th Cir. 1996). This requirement "prevent[s] [the] disruption of state judicial
10 proceedings." Rose, 455 U.S. at 518. It also serves "the interests of judicial economy." Batchelor v.
11 Cupp, 693 F.2d 859, 862 (9th Cir. 1982).

12 In order to satisfy the exhaustion requirement, a federal habeas petitioner must "provide the state
13 courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his
14 constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-77).
15 Also, the petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas
16 corpus claim." Id. at 6 (quoting Picard, 404 U.S. at 275, 277-78). The Supreme Court has stated "it is
17 not sufficient merely that the federal habeas applicant has been through the state courts." Picard, 404
18 U.S. at 275-76. Instead, the petitioner must "present the state courts with the same claim he urges upon
19 the federal courts." Id. at 276. Exhaustion is accomplished if the state's highest court had an opportu-
20 nity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citing
21 Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)). If the claim was not presented to the state's
22 highest court on direct appeal, state collateral remedies must be exhausted. Reiger v. Christensen, 789
23 F.2d 1425, 1427 (9th Cir. 1986). Petitioner has the burden of alleging exhaustion. See Cartwright v.
24 Cupp, 850 F.2d 1103, 1104 (9th Cir. 1981).

25 Respondent argues that Petitioner has not exhausted his state court remedies because he failed to
26 present any of the claims to the California Supreme Court. Respondent claims that Petitioner filed two
27 separate habeas petitions in the superior courts challenging the allegedly invalid abstract of judgment
28 but never pursued appellate relief for his claims. The Notice of Lodgments shows that Petitioner

pursued direct appeal and habeas corpus relief in the California Supreme Court. (Lodgment 14, California Supreme Court Search Results by Case Party.) He had six different cases before the California Supreme Court. Since the Court is not in possession of the filings, it is not clear whether Petitioner exhausted his claim. In the Petition, Petitioner stated that he did not file a petition for review with the California Supreme Court and although he checked "yes" to whether he filed any habeas petition in any state court, he wrote "see record on appeal." (Petition at 3-4.) Petitioner has failed to allege exhaustion and failed to show that he has exhausted his claims. See Cartwright, 850 F.2d at 1104.

Where a federal habeas petition contains any claim as to which state remedies have not been exhausted, the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, if the petition is without merit, the district court may deny the petition even if it contains unexhausted claims. See 28 U.S.C. § 2254(b)(2). After review of the petition and papers submitted, this Court finds that Petitioner is not entitled to habeas corpus relief. Therefore, under § 2254(b)(2), the Court proceeds to address the merits of the petition despite Petitioner's failure to exhaust.

**C.     Cognizable Federal Claim**

Federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Moreover, Petitioner cannot transform a state law issue into a federal one by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Any "alleged errors in the application of state law are not cognizable in federal habeas corpus." Id.

Here, Petitioner argues that he is imprisoned based on an invalid state court amended abstract of judgment because his copy does not have a court filing stamp indicating the document was ever filed. Respondent has provided the Court with a copy of a valid court filed amended abstract of judgment. (Lodgment 1.) This claim challenges the state court's interpretation of state law with regard to modification of a document containing a clerical error[1] and is not cognizable in this federal habeas corpus proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner does not identify a federal constitutional error arising from his allegations in this regard, but merely makes vague

---

[1] Under California law, courts have the inherent power, on its own motion or upon application of the parties, to correct clerical errors at any time to reflect the true facts. People v. Mitchell, 26 Cal. 4th 181, 185, (2001); In re Candelario, 3 Cal.3d 702, 705 (1970). "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment . . . ." Mitchell, 26 Cal. 4th at 185.

references to violations of the Eighth Amendment and United States Constitution, Articles 1 and 9. See Langford, 110 F.3d at 1389. Accordingly, the Court concludes that his claim that he is imprisoned based on an purportedly invalid amended abstract of judgment is not cognizable on federal habeas corpus proceeding.

**D.      Remaining Motions**

On April 25, 2008, Petitioner filed a motion for summary judgment, a motion for expansion of the record pursuant to Rule 7(A)(B)(C)(D) and motion for leave of court to conduct discovery. (Dkt. Nos. 14, 16, 18.)  On May 2, 2008, Petitioner filed a "motion to take jurisdiction of the matter."[2]  (Dkt. No. 20.) On May 21, 2008, he filed a motion to exclude evidence, "motion for district court to take jurisdiction of custody of petitioner as his access to court is being violated" and motion for default sanctions. (Dkt. Nos. 24, 26, 28.) Based on the discussion of the Court above, the Court **DENIES** these motions as **MOOT.**

**Conclusion**

Based on the foregoing, the undersigned Magistrate Judge recommends that the petition for writ of habeas corpus be **DENIED** and **DISMISSED**. This report and recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

**IT IS ORDERED** that no later than **July 11, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 25, 2008**. The parties are advised that failure to file objections

//

//

//

---

[2] In this motion, Petitioner withdrew his motion for summary judgment as unnecessary at this time. (Dkt No. 20.)

1 within the specified time may waive the right to raise those objections on appeal of the Court's order.

2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 IT IS SO ORDERED.

5 DATED: June 12, 2008

6 

7 Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court