1  NORMAN BROWN C52068

2  PO BOX 5004

3  CALIPATRIA CA. 92233

4

5

**FILED**

2008 JUL 11  PM 3:27

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6                    UNITED STATES DIST COURT

7                    SOUTHERN DISTRICT OF CALIF.

8

9  _____

10  NORMAN BROWN                    |          CV.07 cv 2079 JAH AJB

11          PETITIONER              |     OBJECTION TO DISTRICT COURT MAGISTRATES
                                    |     REPORT AND RECOMMENDATION
12  V.                              |

13                                  |

14  L.E. SCRIBNER                   |

15          RESPONDANT             |
            WARDEN
16                                  |

17  _____               |

18

19

20  _____

21

22  Pro se Petitioner; Habeus Rule 2(e)

23

24  Bounds v. Smith 430 u.s. 817 (1977)

25

26  Houston v. Lack 487 u.s. 266 (1988)

27

28

TABLE OF CONTENTS

PAGE

OBJECTION TO MAGISTRATES REPORT AND RECCOMENDATION

1 - 17

EXIBITS 1 thru 7

18

NORMAN BROWN C-52068
C.S.P. CAL
P.O.BOX 5004
CALIPATRIA CA. 92233

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NORMAN BROWN

          **PETITIONER**

               IN PRO SE

   V.

L.E. SCRIBNER

       **RESPONDANT**

          WARDEN

CIVIL NO:07-CV2079 JAH-AJB

OBJECTION TO U.S. DISTRICT

MAGISTRATES REPORT AND

      RECOMMENDATION

( I. )

**INTRODUCTION**

ON JUNE 12 2008, HONORABLE U.S. MAGISTRATE ANTHONY J. BATTAGLIA

ISSUED HIS REPORT AND RECOMMENDATION PURSUANT TO THE PROVISIONS

OF **TITLE 28 SECTION 636 b 1**

WHICH RECOMMENDS THAT PETITIONERS APPLICATION FOR WRIT OF HABEUS

BE DENIED. THE NOTICE AND CONCLUSION OF REPORT AND RECOMMENDATION

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   PROVIDED THAT NO LATER THAN JULY 16 2008 ANY PARTY TO THIS ACTION MAY FILE WRITTEN

2   OBJECTIONS WITH THIS COURT AND SERVE COPY ON ALL PARTIES. PURSUANT TO SAID NOTICE,

3   PETITIONER TIMELY FILES AND SERVES THESE OBJECTIONS TO THE MAGISTRATE REPORT AND

4                          RECOMENDATION

5   _____

6

7                          OBJECTIONS

8        I                        I

9   THE MAGISTRATE MISCONSTRUES PETITIONERS CLAIM:SUBSEQUENTLY ERRONEOUSLY DECIDING ENTIRE

10  PETITION IN ERROR.A.E.D.P.A. STANDARDS WERE ERRONEOUSLY APPLIED WITHIN DECIDING ALL ISSUES:

11  THE MAGISTRATE UNREASONABLY DISMISSING PETITION.PETITIONERS CLAIM IS THAT THE PETITIONERS

12  PAROLE DATE AND EXECUTION OF SENTENCE IS NOT ON RECORD IN STATE COURT. ONLY WITHIN

13  CDCR:THEREFORE UNCONSTITUTIONALLY INCLUDING PETITIONER IN STATE PAROLE SCHEME.

14  _____

15

16  CALIFORNIA PRISONERS HAVE A LIBERTY INTEREST IN PAROLE. THE SUPREME COURT HAS CLEARLY

17  ESTABLISHED;A PAROLE DECISION DEPRIVES A PRISONER OF DUE PROCESS WITH RESPECT TO HIS

18  INTEREST IF THE DECISION IS NOT SUPPORTED BY "SOME EVIDENCE IN THE RECORD" OR IS

19  ARBITRARY.IRONS V.CAREY 9thcir .2006 PETITIONER IS UNCONSTITUTIONALLY INCLUDED IN

20  CALIFORNIAS PAROLE SCHEME AS HIS EXECUTION OF SENTENCE DOCUMENTS WERE MADE AND SENT

21  TO CDCR,NOT FROM DUE PROCESS.CDCR APPLYING THE  AMENDED TERM AND DENYING PAROLE TO PE-

22  TITIONER WITH OUT DUE PROCESS. THIS ALTERED PETITIONERS RIGHTS.

23

24  FIRST AND FOREMOST, THIS COURT CAN NOT GRANT A WRIT OF HABEUS CORPUS UNLESS THE STATE COURT

25  ADJUDICATION RESULTED IN A DECISION THAT SATISFIES TWO CLAUSES,a)AND(b)OF 2254d;

26  THIS MAGISTRATE RULED IN ERROR AS NOT TO APPLY AND DETERMINE THAT THE STATE HAVE MADE

27  A REASONABLE OR UNREASONABLE DETERMINATION OF FACTS IN LIGHT OF THE EVIDENCE PRESENTED.

28  IT IS THE MAGISTRATE WHO HAS INADVERTANTLY SATIFIED CLAUSE b OF 2254d by DISMISSING...

OBJECTION
I CONT....

1   THE PETITION "WITH OUT WRITTEN INDICA ON RECORD" THAT HIS DISSMISSAL OF THE PETITION

2   WAS DETERMINED THRU TRANSSCRIPT AS TO THE VALIDITY OF DOCUMENTS INTRODUCED. THIS COURT

3   MUST GRANT WRIT AS THERE ARE NO TRANSCRIPT TO SUPPORT STATES FINDINGS AS TO AMENDMENT HEARING

4   HELD. PEITTIONER ALSO VEHEMENTLY REQUEST THE STATE TO PRODUCE TRANSCRIPT. DISTRICT CANNOT DISMISS

5   PETITION ABSENT STATE COURT RECORD OF THE TRANSCRIBED HEARING. UNITED STATES EX REL JENNINGS

6   V. RAGAN 358US 276 277 (1959) LITTLE LIGHT V. CRIST (9cir1981) VALDEZ V. CALIFORNIA (9cir1971)

7   TOWNSAND V. SAIN 372US AT314 320

8

9   PETITIONER ASKS THIS COURT TO EXERCISE THE PRINCIPLE ARTICULATED IN SUPERINTENDANT V. HILL

10  (SUPRA) 1985; and review THE RECORD.

11  THE 9cir. HAS HELD THAT THE SUPREME COURT HAS CLEARLY ESTABLISHED THAT A DECISION TO PAROLE

12  DEPRIVES A PRISONER OF DUE PROCESS WITH RESPECT TO THIS INTEREST IF THE DECISION IS NOT

13  SUPPORTED BY "SOME EVIDENCE" IN THE RECORD OR IS OTHER WISE ARBITRARY IRONS V. CAREY (9cir2007):

14  GAROLOTTE V. FORDICE SUPRA (1995)

15

16  THE SUPREME COURT HAS INSTRUCTED THE REVIEWING COURT TO ANALYZE A PRISONERS DUE PROCESS

17  CLAIM IN TWO STEPS. WE FIRST ASK WHETHER THE PRISONER HAD A LIBERTY INTEREST OR PROPERTY

18  INTERESR WITH WHICH THE STATE HAS INTERFERED. AND IF SO, WE THEN ASK WHETHER THE PROCEDURES

19  ACCOMPANYING THAT INTERFERANCE WERE CONSTITUTIONALLY SUFFICIENT KY. DEPT. OF CORRECTIONS

20  V. THOMPSON SUPRA(1981) SASS V. CAL BD OF PRISON TERMS(9cir)2006. if we determine that THE STATE

21  HAS VIOLATED THE PRISONERS DUE PROCESS RIGHTS, WE MAY ONLY GRANT HABEUS RELIEF IF THE STATE

22  COURTS INCORRECT DECISION WAS CONTRARY TO OR AN UNREASONABLE APPLICATION OF THE SUPREME

23  COURTS HOLDINGS CAREY V. MUSLADIN SUPRA 2006;

24  IN SASS IT WAS HELD THAT CALIFORNIA PRISONERS HAVE A LIBERTY INTERST IN PAROLE: CAL PENAL

25  CODE 3041.    WHEN CDCR ACCEPTED AND USED AN AMENDED ABSTRACT BORN OF FRADULENT ORGINS,

26  WITH OUT TRANSCRIPT, WITH OUT NOTICE TO PETITIONER, AND WITH OUT RECORD OF THE HEARING,

27

28

3.

OBJECTION
I CONT.....

1   THIS ACT VIOLATED NOT ONLY PETITIONERS PROTECTED LIBERTY INTEREST, BUT HIS CIVIL

2   RIGHTS. THE QUESTION IS IF WHETHER CALIFORNIA AND CDCR PROVIDED THE CONSTITUTIONALLY

3   REQUIRED PROCEDURAL SAFE GUARDS WHEN DEPRIVING PETITIONER OF HIS LIBERTY INTEREST. AND

4   IF WHETHER WHO EVER SENT THE AMEND. ABSTRT. TO THE PRISON FILES OF PETITIONER VIOLATED

5   FEDERAL LAW.

6   IN LIGHT OF THE FORGED HEARING "THERE SIMPLY IS NO EVIDENCE TO DETAIN PETITIONER"

7   THESE FACTS PRESENTED, PETITIONERS CLAIM REVIEWED AS WELL AS ALL OF RESPDNTS. LODGMNTS,

8   REVIEWED FOR VALIDITY PETITONER MEETS SATISFYING EXTRA ORDINARY CIRCUMSTANCES FOR

9   RELIEF PARALELL AND CODIFIED IN BLANCADA V.TURNAGE 9cir1989

10  petitioner is in custody IN VIOLATION OF FEDERAL LAW

11  PETITIONER EXERCISES HIS RIGHT TO PROMPT DISPOSITION OF HIS CLAIM.

12

13  PETITIONER MAINTAINS THAT HIS CLAIMS ARE A PAROLE MATTER  A CHALLENGE TO THE

14  EXECUTION OF THE SENTENCE. THIS COURT ERRONEOUSLY APPLIED AEDPE 104 4 STANDARD EVEN

15  THOUGH PETIT. ORIG. PETITION STATES HILL V.ALASKA 9cir 2002  ON FACE PG.THE CASE REACHING

16  THE U.S.SUPRA CT. A PAROLE MATTER. AEDPA DOES NOT APPLY. UNDER 636 b1 PETITIONER

17  REQUESTS DISTRICT JUDGE  TO CONDUCT DE NOVO REVIEW AS OF RIGHT TO ALL FACTUAL

18  AND LEGAL MATTERS TO WHICH OBJECTION IS MADE AND TO APPLY 2254d STANDARD

19  GOMEZ V. UNITED STATES SUPRA 1990
    HILL V. ALASKA SUPRA2003

20  townsand v. sain supra 1963

21  BROWN V. ALLEN 344 US443 458 73sct 397 97 LED 2d469(1953)

22

23  Bounds v. smith 430 U.S. 817 (1977)

24

25

26

4.

II.

---

MAGISTRATE INCORRECTLY APPLIES STATUE OF LIMITATIONS UNDER AEDPATO
PETITIONERS CLAIM AND PETITION IN APPLYING STATUE OF LIMITATIONS:
DISMISSING PETITION IN ERROR

---

(SEE PG.2at A)OF MAGISTRATES REPORT, WHICH APPLY STATUE OF

LIMITATIONS:IN HILL V. ALASKA SUPRA 2002) PAROLE MATTER AEDPA

DOES NOT APPLY

WITHROW V. WILLIAMS SUPRA GARLOTTE V. FORDICE SUPRA (1995)

PETIONER BELIEVES ADMIN. APPEAL ATTACHED TO ORIG. PET. FOR SAKE

OF ARGUMENT PETITIONER ATTACHES COPY OF ADMNST.APPEAL TO THIS

OBJECTION WHICH UNDER NGO V. WOODFORD(9cir2005)SATISFIES EXAUSTION

CARTWRIGHT V.CUPP 850 f2d1103,1104 (9cir1981)

MORRISSEY V, BREWER 408 US 471(1972)SUPRA

(SEE EXIBIT-7):

---

III.

MAGISTRATE ERRONEOUSLY APPLIES EXAUSTION CLAUSE USING AEDPA

TERMINOLOGY, WHICH DOES NOT APPLY TO CLAIMS, MAGISTRATE ULTIMATLY

DISMISSING PETITION IN ERROR.

---

PETITIONERS CLAIM:(A PAROLE MATTER) CONSISTS ONLY OF EXAUSTION

OF ADMINST. REMEDIES (EXECUTION OF SENTENCE).

WITHROW V.WILLIAMS SUPRA (1993).

DUCKWORTH V. SERRANO 454US1 3 n2(1981)SUPRA

DUNN V. HENMAN 9th cir (1982)

WELLS V MAAS (SUPRA) 28 F3D AT 100 ; PETITIONER AFFORDED STATE OPP
ORTUNITY TO RULE SUPRA NO.S142045 IN RE NORMAN BROWN ON HABEAS COR
PUS (MAY 2, 2006):

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

5.

## OBJECTIONS III. CONT.

SEE)MAGISTRATES RECOMMENDATIONS PG.6at 15):THE PETITIONS
(SUBJECT MATTER)AND REFERENCES TO HIS ISSUES,CLEARLY ADDRESS
(EXECUTION OF SENTENCE)ISSUES:


SEE)RESPONDANTS ANSWER PG2)3thru15)..ATTN:AT(LETTER
DATED(1983)AT 13..thru 15):
(IF THESE FACTS ARE LEFT UNVERIFIED (PETITIONERS TERM )
"(IS VOID)"

WITHROW V. WILLIAMS SUPRA) (1993)
SPENCER V. KEMNA(SUPRA)118,SCTat988(1998)
PREISER V. RODRIQUEZ 411US 475 487 500(1973)SUPRA)

---

## IV.

MAGISTRATE JUDGE MISCONSTRUES PETITIONERS CLAIM BASED ON
HIS APPLICATION OF AEDPA AND BELIEF THAT CLAIM IS
(STATE LAW BASED)
(OF CLERICAL ERROR)

---

SEE)MAGISTRATES RECCOM:(PG.5)14thru28)SEE)RECOM:PG.5)
22thru25:SEE)RESPONDANTS ANSWER(PG.2)16thru20)
IT PRESENTS A CLEAR PICTURE OF:
WITHROW V. WILLIAMS(SUPRA)1993)CLAIM.
(SEE RESPONDANTS ANSWER)PG.7 ATT:14and15
THE RESPONDANT "DIRECTS MAGISTRATE")
"TO COMMITT COLLUSION)"

IV, CONT...

1  PETITIONER<sup>S</sup>DILLIGENCE HAS REVEALED THE FOLLOWING:
2

3   NOT ONLY THE RESPONDANTS "SUGGESTING SUPENDING "PETIONERS
4  WRIT OF HABEUS CORPUS IN VIOLATION OF US CONST,ART1-9(2):
5  AN ACT THAT MANIFESTED AS RESULT OF MAGISTRATES DENIAL AND
6  DISMISSAL OF PETITIONERS CLAIM.AS PETITIONER SHOULD HAVE
7  BEEN THE BENIFICIARY OF"STAY AND OBEYANCE"PROCEDURE OR
8  DISSMISSAL "WITH PREJUDICE"REGARDING UNEXHAUSTED"STATE CLAIM":
9

10  THE RESPONDANTS RECITAL OF FACTS CLEARLY STATE THAT
11                   "(UPON EXECUTION OF SENTENCE)"
12  PETITIONER DELIVERED TO THE CUSTODY OF CDCR)"SEE)RESPNDTS
13  (ANSWER)(PG2)AT8THRU15)"THE xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
14

15   ANSWER)PG.2at8thru15):"THE RESPONDANTS AND MAGISTRATE,
16   COMMITT ")MILLIGAN VIOLATION:
17                   EX PARTE MILLIGAN 71US(4WALL)2 118 19(1866)
18

19   THE MAGISTRATE "WITH OUT CONTEMPLATING"EVEN USING THE STAY
20   OF OBEYANCE PROCEDURE,THE MAGISTRATE PREMEDITATEDLY
21   INSTEAD CHOSE TO SUSPEND THE WRIT OF PETITIONERS AVENUE
22   OF FEDERAL RELIEF,JOINING INTO THE RESPONDANTS
23   "PROCEDURAL DEFENSE" INSTEAD OF xxxxxxxxxxxxxxxxxxxxxx
24                   "MEDIATING"
25   AND DEFENDING CONSTITUTIONAL LAW :HIMSELF ABREAST IN xxx
26   THE PROCEDURE OF INTRODUCTION OF "STATE LAW" INTO FEDERAL
27   COURT:   BLAIR V.CALIFORNIA 340 F2D 741(9CIR)(1965)
28   COLEMAN V.YOUNG(SUPRA)(1991)USCA 14 EQUAL-PROT;
                    PRIESER V. RODRIQUEZ SUPRA (1973).

V.

THE MAGISTRATE MISCONTRUING AND DISMISSING PETITIONERS CLAIM,
"AT THE SUGGESTION" OF THE RESPONDANT, NOW QUESTIONS THE
INTEGRITY OF THE ENTIRE FEDERAL APPEALS PROCESS,AT LEAST,OF
THIS MAGISTRATE AS WELL AS THE ATTORNEY GENERALS OFFICE

     AND THE RESPONDANTS REPRESENTATIVES...

AS THEIR COMBINED ACTIONS,DENY PETITIONERS FEDERAL DUE PROCESS
AND CIVIL RIGHTS AS THIS RULING,THE ACCEPTANCE OF EVIDENCE,
ANDTHE ERRONEOUS SUGGESTION"(ON RECORD"):EXONERATE PETITIONER.
IF AS IRREGARDLESS OF MAGISTRATES RULING: "THE ACTIONS
IMPLICATES INDIVIDUALS"THRU "CONTRADITION" WHICH EXONERATE
PETITIONER AND EXPOSE CORRUPTION IN VIOLATION OF FEDERAL LAW.

---

A: SEE):TABLE OF CONTENTS OF RESPONDANTS ANSWER,(I)AT 16-17.

B: SEE):RESPONDANTS ANSWER(PG4)22THRU24 "SU PONTE"AMENDMEND"

C: SEE):MAGISTRATES RECC:(PG5)AT 21 (LODGEMENT 1)

PETITIONER SUBMITS THE FOLLOWING EXIBITS THAT
EXCULPATATE PETITIONER AND INCLUDE MAGISTRATE JUDGE
ANDRESPONDANT REPRESENTATIVES OF THE ATTORNEY GENERALS
OFFICE ,IN AND OF CORRUPT ACTS THAT VIOLATE PETITIONERS
FEDERAL RIGHTS AS WELL AS ETHICS CODES ENCOMPASSING
REPRESENTING "SWORN OFFICE"

---

LIST OF EXIBITS

(EXIBIT-1)ATTORNEY GENERALS RESPODANTS BRIEF FROM JUNE 20 .

(SIGNIFICANCE):DRAFTED "EIGHT MONTHS AFTER")    (1983):

                                    RESPONDANTS(LODGEMENT)
                                            (1):

EXIBITS CONT...
V.CONT...

1  (EXIBIT-2)PETITIONERS 4TH DIST.APPEALS:REGISTER OF APPEAL DIR:APP.)

2                                    SEE:(JUNE 20 1983):

   (SIGNIFICANCE):"NO REFERENCE"OF AMENDMENT HEARING:PROOF AND..

3                        REFERENCE OF RESPONDANTS KNOWLEDGE

4                            ON (JUNE 20 1983N):

5                                "RESPONDANT BRIEF "FILED")

6  (EXIBIT-3)PETITIONERS "DECISION")OF DIRECT APPEAL AS RENDERED

7                                            (ON JULY 27 1983

8        (SIGNIFICANCE)SEE SECOND PAGE OF EXIBIT 3)TOTAL TERM):

9                    PG10 DATE:JULY 27 1983):"70 YRS."

10

11 (EXIBIT-4)1987 PETITIONERS CENTRAL DISTRICT"DECISION" 70 YRS)

12                                        (2ND PG.)PG.2.

13

14 (EXIBIT-5)1999 PETIONERS WESTERN DISTRICT "DECISION" 70 YRS.)

15                                            (1ST.PG.).

16

17 (EXIBIT-6)(2007) PETIONERS CENTRAL DISTRICT "DECISION" 70YRS.)

18                                            (1ST.PG.).

19          ALL "DECISIONS"SPANNING TWENTY ONE YRS IN DST.CRTS

20 NO(EXIBIT-7) PETITIONERS ADMINISTRATIVE APPEAL.

21 (EXIBIT-6)PG.2.1-AND4)COURTS ABIDING BY RULE 4):AND FEDERAL RULES

22 OF EVIDENCE 201(B)(2):

23        UNITED STATES V.WILSON 671 F2D 118 119(9CIR)

24

25

26  PETITIONER NOW TURNS TO BRADY V. MARYLAND(SUPRA)1963

27


q.

V.CONT...

1  THE PREVIOUS FACTS AND DATES PRESENTED,POINT FIRST TO

2  EXONERATE PETITIONER, AS RESPANDANTS RECORDS USED IN THIS

3  PROCEEDING,"IN CONTRAST"TO:"DISTRICT COURT RECORD",IS FAVORABLE

4  TO THE ACCUSED "THE PETITIONER",AS ALL PARTIES,INCLUDING ALL

5  DATES OF "FILING"DISRICT COURTS"INTRODUCED INTO EVIDENCE"_THE

6  (FACTS)UPON THEIR KNOWLEDGE, AT THAT PARTICULAR TIME,CULMINATING

7  IN ~~DECIDING~~ PETIONERS LIBERTY INTREST::
             DECIDING

8                FEDERAL RULES OF EVID:(201):

9

10  ALL OF TWENTY PLUS YRS. OF DISTRICT COURT LODGEMENTS ARE

11  "DIFFERENT" THAN RESPONDANTS PRESENT DAY (LODGEMENT-1):FOR THIS

12  PROCEEDING,FOR THIS MAGISTRATE TO USE,"AS ENTERED",INTO

13  EVIDENCE:THIS LODGEMENT-1 IS UNCONSTITUTIONAL INTRODUCTION

14  OF EVIDENCE

15   WHICH ISNT EVEN CONSITANTLY ENTERED INTO THIS DISTRICT COURTS

16   PERMANENENT STATE ARCHIVES,RAISES SERIOUS CONCERNS AS TO

17  THE COURTS METHOD OF EXCEPTION OF LODGEMENT-1 FOR USE DESPITE

18  FEDERAL ~~RVLVLES~~ OF EVIDENCE IN PLACE."IT WAS ~~XXXCXXXXRD~~ IN THE
              RULES                              DISCOVERED

19

20  POSSESION OF CDCR,BEING USED TO EXECUTE PETITIONERS TERM IN

21  CDCR."WITH THE RESPONDANTS KNOWLEDGE" OF ITS ORGIN:"1983

22  LETTER"TO ~~XXXXXX~~ RESPONDANT ANSWER:(LODGEMENT-6)

23          (CDCR):

24  THESE FACTS PRESENTED BESPEAK OF INTRODUCTION OF FALSE

25  EVIDENCE AT THE FEDERAL COURT LEVEL: THIS EVEN AFTER PETITIONER

26  AND HIS TERM HAS BEEN EVALUATED AND DECIDED BY NUMEROUS STATE

27  AND FEDERAL FORUMS:INCLUDING THREE FOURTH DIST. JUDGES ONLY

28  MONTHS "AFTER ALLEDGED AMENDMENT",THE DOCUMENTS SENT TO CDCR:
   CITING A TERM "NOT ON RECORD""OFFICIALLY" IN THIS STATE OF CAL:

V.CONT...

1   TO INTRODUCE ILLEGALLY OBTAINED EVIDENCE INTO THE STATES

2   DISTRICT COURT SYSTEM(LODG:-1)69 yr. DOCUMENT)USED IN LIBERTY

3   DEPRIVATION OF PETITIONER,VIOLATES US CONST 5 14;THE USE,

4   VIOLATESTHE PUBLIC RECORDS ACT GOVT.CODE 6250-6265,INFORM.

5   PRACTICES ACT OF 1971(CC1798-1798.78)AND THE FULL FAITH AND

6   CREDIT CLAUSE OF ART:4secI OF THE US CONST:THE MAGISTRATE

7   HIMSELF HAS AIDED AND COMMITTED A FEDERAL CRIME AS HAVE

8   THE RESPONDANTS,ALL RISING TO THE LEVEL OF CIVIL RIGHTS

9   VIOLATIONS COMMITTED AGAINST THE PETITIONER("DURING EXECUTION"

10  OF SENTENCE")ON THIS FEDERAL APPEAL:PETITIONER STILL INCARCER-

11  ATED.PREISER V.RODRIQUEZ SUPRA 1973;

12

13  PETITIONER ASSERTS THAT THE RESPONDANTS "SUGGESTIONS"

14  (SEE)RESPONDANTS ANSWER(PG.7AT14-15) EVENTUALLY CARRIED OUT,

15  IN THE MAGISTRATES "DECISION",RAISE SERIOUS CONCERNS AS TO

16  PETITIONERS ACCESS TO COURT,FEDERALLY AND CIVILLY PROTECTED

17  UNDER THE EQUAL PROTECTION CLAUSE OF THE14 AMEND:ESPIECIALLY

18  SUCH IF THE RESPONDANDANT "KNEW" AT THAT JUNCTURE OF

19  STATEMENT REFLECTED IN THEIR ANSWER ,"THE FACT THAT LODG:1")DID

20  OR DID NOT :HAVE A FILING STAMP AND SUPPORTING DOCUMENTS

21  "BEFORE "ATTEMPTING TO BRING IN EVIDENCE UNVERIFIED TO FED.CRT.

22

23  THIS MAGISTRATES DENIAL OF PETITIONER "AFTER" THE RESPONDANTS

24  "SUGGESTIONAL CHOICE TO DO RIGHT OR WRONG)RESP.ANSWER.PG.7at

25  14-15)QUESTION A CONJOINED AFFECT OF COERCION BETWEEN MAGIST.

26  AND RESPONDANT TO ENVOKE AEDPA"SUPENSION CLAUSE"MANUALLY:

27  "TO REJECT PETITIONERS OTHERWISE "COGNIZABLE FEDERAL CLAIM"

28  XSPXXXXXXXX AS THE RESPONDANT "FAILED"....
    ESPIECIALLY

V.CONT...

1  UNDER BRADY V. MARYLAND(SUPRA) 1963 TO DISCLOSE"LODGEMENT-1"

2  TO EXCUPATATE PETITIONER IMMEDIATLY "UPON REASEARCH"INFORMATION,

3  THAT "NO SUCH RECORD EXISTS" OFTHE AMENDMENT)ITS DOCUMENTS SENT TO

4  CDCR TO EXECUTE TERM OF PETITIONER "OFF THE RECORD"FACTS STILL

5  UNDETERMINED DESPITE"DECISION"IN THIS CASE BY THE MAGISTRATE ::

6  IT IS TANTAMOUNT TO UNCOVER ORGINS OF ALL LODGEMENTS IN THIS CASE

7  LODGED BY THE RESPONDANT)ALL ENTERED INTO EVIDENCE.PETITIONER ASKS

8  THIS DISTRICT JUDGE TO APPOINT COUNSEL TO ENVOKE ALL PROTECTIONS

9  PETITIONER IS AFFORDED UNDER THE US CONST. AND THE BILL OF RIGHTS.

10 TOWNSAND V.SAIN(SUPRA)1963

11

12

13

14                              VI.

15 THE MAGISTRATE ERRONEOUSLY ACCEPTS RESPONDANTS EXIBITS,PETITIONER

16 DISAGREES AS TO HOW?WAS THE RESPONDANTS(EXIBIT LODGMNT-1)

17 TAKEN AS TRUE AND AUTHENTIC"WITHOUT XXRECORD",TRANSCRIPT XXX
   MISSING OF  ALLEDGED PROCEEDING AS THIS DOCUMENT HOLDS

18                      PETITIONER IN STATE PRISON

19

20 THE MAGISTRATE MAKES NO MENTION OF HIS "SU PONTE" DUTY UNDER

21 WILLIAMS V.LOCKHART(SUPRA)AND(THAMES V.DUGGER(SUPRA)TO INDICATE

22 IN AND THRU WRITTEN INDICA "IN THE OPIONION,"THAT THE COURT REVIEWED

23 THE ENTIRE RECORD AND THAT THE RECORD INDICATES NO ENTITLEMENT TO

24 RELIEF.YET IN CONTRAST THE MAGISTRATE ACCEPTED AND BASED HIS

25 ON A "SU PONTE "CREATED DOCUMENT ).ON STATE LAW ISSUES ALONE,THIS

26 COURT BEING PRESENTED "STATE LAW,"AS THE MAGISTRATE RULED,DISTRICT

27

VI. CONT..

1  COURT HAS A"SU PONTE"DUTY TO OBTAIN AND REVIEW STATE RECORD

2        HAMILTON V. VASQUEZ 882f2d1469(9CIR)1991

3

4  (RULE 5 of2254)INDICATES:NOTICE OF AVAILIABLE TRANSCRIPTS SERVE

5  TO INFORM THE COURT OF ANY POST CONVICTION PROCEEDINGS

6  BUNDY V.WAINWRIGHT(SUPRA)THE MAGISTRATE RULED WITH OUT TRANSCRIPT

7  OR INDICATING ON RECORD AS TO HOW THE FINDINGS WHERE DETERMINED:

8  THIS DESPITE PETITIONER PRE DECISION MOTIONS WARNING OF

9  RESPONDANTS INTENTIONS TO ENTER INTO EVIDENCE DOCUMENT CREATED IN

10 VIOLATIQN OF PETITIONERS LIBERTY INTEREST :

11      SEE)MAGISTRATES REPORT(PG.6)at9thru11(RULE-8)MOTION)

12        PETITIONER WAS PREJUDICED BY THIS

13      UNITED STATES V.BAGLEY(SUPRA) DOBBS V.ZANT(SUPRA)1993:

14

15 FOR THIS COURT AND THIS MAGISTRATE TO NOT ABIDE  BY RULE 5 2254)

16 RESULTED INAN UN VERIFIED DECISION LEVELED AGAINST PETITIONER

17 THAT CONTINUES TO COST PETITIONER HIS LIBERTY AS THIS MAGISTRATE

18 ANND THE RESPONDANT UNDER THE COLOR OF LAW IN THEIR ATTEMPTS TO

19 CIRCUMVENT CONSTITUTIONAL LAW,HAVE MADE MISTAKES. HISTORY CANNOT

20 BE COVERED UP:PETITIONER HAS DECISIONS AS RECENT AS 2007 IN

21 FEDERAL COURT:DECISIONS BASE ON HIS RECORD INDICATING 70 YR TERM,

22 THE DILLEMA PRESENTED BY PETITIONERS CASE IS THAT"ONE"AGENCIES

23 RECORDS"ARE WRONG"A WRONG WHICH MAKES"EACH"DETERMINATION EVER

24 MADE AGAINST PETITIONER"IN PROCEDURAL ERROR"AS FEDERAL RULES OF

25 EVIDENCE THRU THIS "FILED" RULING" MADE BY THIS MAGISTRATE

26 JUNE 12 2008 THE RULING AS ENTERED:IMPLICATE FEDERAL XXXXXXXXX -

27      ENTITIES INVOLVED UNDER THE COLOR OF LAW IN RULES OF

        EVIDENCE VIOLATIONS ::


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

13.

VI.CONT...

1   THIS MAGISTRATES ACCEPTANCE AND RULING ON"SU PONTE"CREATED

2   DOCUMENTS AND NOT DEFERRING TO HIS OWN"SU PONTE"DUTY AND

3   RESPONSIBILITIES CREATED BY FEDERAL LAW,TO EQUALLY APPLY

4   TO THE PETITIONER,IS IN ETHICS VIOLATIONS OF BIAS.

5   USCA 14 AMEND. DUE PROCESS EQUAL PROTEC. BILL OF RIGHTS

6

7   _____

8                        VII.

9   THE MAGISTRATE ERRONEOUSLY APPLIED "STATE"LAW TO REASONS

10  TO PETITIONERS CLAIM,IN DENYING RELIEF,MAKING THE FINDINGS

11  WITH OUT PETITIONERS MOTIONS OR EVEN INQUIRING HIMSELF

12  TO CONCLUSIVELY DETERMINE THE VORACITY OF THE ERROR

13               WITH "STATE RECORD"

14  _____

15

16  THE MAGISTRATE CITES LEWIS V.JEFFERS 497 US 764 780(1990)

17  AS REASONS TO DENY PETITIONER RELIEF,SEE)MAGISTRATES REPORT

18  at11 and MOTIONS ENTERED ,BUT NOT HEARD, BY PETITIONER.

19  FOR THE SAKE OF ARGUMENT KEENEY :TAMAYO REYES(SUPRA) :APPLIES

20  WHEN THERE ARE GAPS IN EVIDENCE AVAILIABLE WHICH RENDER

21  FINDING DUBIOUS.THE STATES ESSENTIALLY VERBAL ACERTAINMENT

22  OF THE WORDS "CLERICAL ERROR" WITH OUT STATE RECORD"OR

23  TRANSCRIPTS,VOID THE FINDINGS MULLANY V.WILBUR 421 US684,

24  690,91(1975)LOFTON V.PROCUNIER 487F2D 434,436(9cir1989)

25  STEWART VMARTINEZ VILLAREAL 118 S.CT116(1998)

26  UNITED STATES V.POPOOLA 881,F2D 811,812(9cir1989).

27  AS A TO THE"STILL UNRESOLVED QUESTION"OF CLERICAL ERROR

28  AND THE "FILING" DATE OF THE RESPONDANTS LODGEMENT-1...)

14.

VII.CONT....

1  CITING SEE:RESPONDANTS ANSWER PG.5(5 thru8)WHICH STATES

2     "CLAIM CAN BE RESOLVED ON THE EXISTING STATE COURT RECORD"

3     "THE STATE RECORD EXONERATESPETITIONER"

4

5  SHIRIRO V. LANDRIGAN US 127 Sct 1993,1940(2007)

6  BAJA V.DUCHARME 187f3D 1075,1078(9cir1999)

7

8

9                        VIII.

10

11

12  MAGISTRATE IN ERRONEOUSLY DENYING PETITIONERS CLAIM: DENIED PETITIONERS

13  RIGHT TO PAROLE AS THE MAGISTRATES UNREASONABLE ERRONEOUS

14  "PROCEDURAL DENIAL" ALTERED PETITIONERS"
                        "CONSTITUTIONAL RIGHTS"

15

16

17

18

19  PETITIONERS CASE WAS TRANSFERRED OUT OF THIS SOUTHERN DISTRICT

20  ON NOV. 2 2007 as THIS SOUTHERN DISTRICT MIS-INTERPRETED

21  PETITIONERS CLAIM SENDING PETITIONERS CASE TO THE ~~COURT~~ "COUNTY"

22     OF CONVICTION.AT THAT TIME THIS SOUTHERN DISTRICT

23     TRANSFER FOLLOWED POLICY OF JURISDICTION DUE TO THIS DISTRICTS

24     THEN EVALUATION WHICH FOLLOWED DUNCAN V.HENRY SUPRA 1995

25     WAS USED AS MEANS FOR PETITIONER TO EXAUST "STATE CLAIM"

26  ~~KEENEY V.TAMAYO REYES~~ 504US 1 10 (1992)DUNN V.HENMAN (9CIR)

27                                      (1989)

28

VIII.CONT...

1 THE RECEIVING DISTRICT COURT :EASTERN DISTR. WHICH DOES

2 HAVE JURISDICTION OVER PETITIONERS CONVICTION AND SENTENCE

3 SUBSEQUENTLY SENT PETITIONERS CASE AND FILES BACK TO THIS

4 SOUTHERN DISTRICT CITING   DUNCAN V. HENRY SUPRA 19995

5 AS THE SUBJECT MATTER WAS OF PERSONAL JURISDICTION

6 AS WELL AS THE EASTERN DISTRICT CITING GRANBERRYV.GREER

7 SUPRA1987) JANUARY 1 2007):LETTING THIS SOUTHN. DIST.

8 KNOW UNEQUIVECLY THAT THE CONTENT OF PETITIONERS CLAIM

9 HILL V.ALASKA  WAS A CLAIM OFPERSONAL JURISDICTION

10 SEE:PETITIONERS DOCKET SHEET REGISTERED WITH THE SOUTHN.

11 DIST: PG:3 at 7)

12

13 CLEARLY PERSONAL JURISDICTION CLAIM AS CODIFIED IN

14 THE EASTERN DISTRICTS CITING OF BRADEN 30 JUDI

15 CIAL CIR 410 US (SUPRA) 1984: DUNN V.HENMAN(9cir)1989:

16 RUSSO V.NEWLAND 200 WL 194 392(1NDcal) THOMAS V.HEPBURN 2001 w1ND:

17 THE FACT THAT THIS SOUTHN. DISTR. SENT THE PETITIONERS CASE  TO THE

18 EASTERN. DISTR. AND THE EASTERN DISTR. RETURNING THIS

19 CASE BACK TO THIS  SOUTHN. DISTR. WHO RE-OPENED THIS CASE

20 SEE: PET: DOCKET SHEET PG.3 at date JAN 7 2008,

21 THIS ACTS AS AN ACCEPTANCE OF COGNIZABLE FEDERAL CLAIM"

22 A NON EXAUSTABLE STATE CLAIM"AS PETITIONER WAS DENIED ACCESS

23 TO COURT IN THIS MOST RECENT DENIAL SEE: MAGIST.RPRT.-

24 AT PG.6)14-15. REFLECTS THE CONTRADICTION BY THIS SOUTHERN

25 DISTR. CRT.THAT RISES TO THE LEVEL OF... REFERRING TO

26 THE RESPONDANTS ANSWER,PG.7at14-15:

27                                          CONT.....

28

16-

VIII.CONT...

1  ALL OF THESE FACTS RAISE A SPENCER V.KEMNA(SUPRA)118,sct,

2  at998 ISSUE,AS PETITIONER THRU HIS ADMINISTRATIVE CLAIM,

3  HAS BEEN DENIED PAROLE RELEASE BY THE MAGISTRATE AND

4  RESPONDANTS AT ▩ THE REVIEWERS FORUM. A FORUM THAT IS

5  RESPONSIBLE FOR EQUAL PROTECTIONS OF ALL WHO ENTER

6

7  MORRISEY V.BREWER(SUPRA)1972;

8  PREISER V.RODRIQUEZ(SUPRA)1973

9  HECK V. HUMPHREY(SUPRA)1994

10

11  AS UNDER ANY STANDARD OF CONSTITUTIONAL  LAW THE

12  CONTRIDICTARY ACTIONS PERFORMED BY THIS COURT EFFECTIVELY

13  DENIED PETITIONER ACCESS TO COURT

14  BOUNDS V. SMITH SUPRA 1977

15  wolf v.mcdonnell SUPRA(1977):

16

17              CONCLUSION

18  BASED ON THE FOREGOING,THE COURT SHOULD REJECT THE

19  MAGISTRATES RECOMMENDATIONS,ORDER AN EVIDENTIARY HEARING

20  ON ONE OR MORE OF THE CLAIMS RAISED BY PETITIONER

21  GRANT THE PETITION,AND ORDER ANY OTHER APPROPIATE RELIEF

22  DATED: July 8th 2008

23  _____

24  _____          RESPECTFULLY SUBMITTED:

25  _____

26

27

28

17.

## EXIBITS

1       STATE ATTORNEY GENERAL RESPONDANTS BRIEF DATED   JUNE 20 1983

2    PETITIONERS FOURTH DIST. REGISTER OF APPEALS

**3**    PETITIONERS AFFIRMANCE OF DIRECT APPEAL

4    DECISION FROM CENT.DIST.COURT FILED 1987

5DECISION FROM WESTERN DIST. COURT FILED 1999

6    DECISION FROM EASTERN DIST. COURT FILED   2007

7       PETITIONERS ADMINISTATIVE APPEAL

18

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                        )
          Plaintiff and Respondent,     )
                                        )
     v.                                 )
                                        )
NORMAN ANTHONY BROWN,                   )
                                        )
          Defendant and Appellant.      )

_____

## RESPONDENT'S BRIEF

* * * * *

### STATEMENT OF THE CASE

In an information filed by the District Attorney of Riverside County on January 6, 1982, Michael Douglas Green[1] and appellant, Norman Anthony Brown, were charged in count I with kidnapping in violation of Penal Code section 207; in count II with robbery in violation of Penal Code section 211; in counts III, V, VIII, IX, X and XI with oral copulation in concert in violation of Penal Code section 288a, subdivision (d); in counts IV, VI and VII with rape in concert in violation of Penal Code section 261, subdivision (2) and in count XII with penetration of the genital and anal openings by foreign object in violation of Penal Code section 289.  Appellant entered pleas of not guilty.  (CT 1-8.)

On March 19, 1982, appellant's motion to sever defendants was heard and granted.  (CT 120.)

_____

1.  Green is not a party to this appeal.  (See 4 Crim. 14730.

over


1.

Jury trial commenced and on June 30, 1982, the jury found appellant guilty on all counts as charged. (CT 153, 239-253.)

On August 10, 1982, appellant was sentenced to a seven-year consecutive term as to each of the following counts: III, IV, V, VI, VII, VIII, IX, X and XI. The court additionally imposed a six-year consecutive term as to count XII and a one-year consecutive term as to count II for a total prison term of seventy years. (CT 256-257.) [2]

On October 7, 1982, appellant filed a notice of appeal. (CT 278-279.)

### STATEMENT OF FACTS

In October 1981, Lynn Koch was a graduate student at Loma Linda University. At approximately 8:00 p.m., on October 13, 1981, Koch was parking her car near her dormitory when she saw a car idling nearby. As she locked her car door appellant came up from behind and grabbed her placing one arm around her body and one over her mouth. He then said "Don't scream and we won't hurt you." Appellant forcibly took Koch to the nearby car and shoved her into the back seat. The car then drove off. (RT II 421-429, 434-435.) [3]

---

2. Sentence as to count I was stayed pursuant to Penal Code section 654. (CT 256.)

3. Koch identified the car she was abducted in as a small, light silver color four-door identical to the car depicted in People's exhibit 2, 3 and 4. (RT II 437-438.) Michael Green's mother stated she owned a gray 1973 Dodge Colt. In October 1981, she loaned her son her car several times. She also stated appellant was Michael's friend. (RT II 415-416.)

2
6

Register of Appeal

# Fourth Appellate District, ~~4GR 14717~~

## RIVERSIDE _____ County HON. JOHN H. BARNARD _____ Judge

### DIVISION TWO

Superior Court No. CR-19235 _____ Notice of Appeal Filed: J-10-7-82

| PEOPLE OF THE STATE OF CALIFORNIA | ATTORNEY GENERAL |
|---|---|
| Plaintiff and Respondent | ~~110 W. "A" St., Ste. 600~~ San Diego, Ca. 92101 |
| | |
| vs | |
| | |
| NORMAN ANTHONY BROWN | (In pro per) Riverside County Jail |
| Defendant and Appellant | 11th and Orange, Riverside  92501 |
| Subst. | Edison P. McDaniels, 1566 N. "D" St |
| Atty. 12-2-82 | San Bernardino, Ca. 92405 |

| | | |
|---|---|---|
| OCT 20 1982 | REC'D COPY NOTICE OF APPEAL | SENT REQUEST FOR COUNSEL FORM |
| OCT 28 1982 | Rec'd copy of County Clerk's Amended Notice to Prepare Transcript on Appeal (to delete co-defendant), dated 10-26-82. | |
| NOV 9 1982 | FILED EXT OF TIME TO 1-10-83 (Reporter Katherine G. Smith) | |
| DEC ? 1982 | Filed subst. of attys. | |
| FEB 3 1983 | FILED RECORD ON APPEAL C -1- , R -5- | |
| MAR 10 1983 | FILED COPY OF NOTICE RULE 17(a) | |
| MAR 18 1983 | FILED EXT OF TIME TO 4-17-83 AOB | |
| APR 29 1983 | FILED APPELLANTS OPENING BRIEF | |
| JUN 8 1983 | FILED EXT OF TIME TO 7-2-83 RB | |
| JUN 2 0 1983 | FILED RESPONDENTS BRIEF | |
| JUL 27 1983 | ORDER OF SUBMISSION | |
| JUL 27 1983 | BY THE COURT: Judgment affirmed (non-pub.) Rickles, J., We concur: Morris, P.J., McDaniel, J. | |
| SEP 30 1983 | REMITTITUR TO COUNTY CLERK | LIST NO. 30 BOX NO. 107 SRC NO. 531214 |
| JUN 27 1986 | ~~ORIGINAL RECORD SHIPPED TO~~ RECORD CENTER — | |
| | STATE RECORDS CENTER 1501 CHERIAN STREET WEST SACRAMENTO, CA 95691 | |

Exhibit 2

NOT FOR PUBLICATION

RECEIVED
Edison P. McDaniels
Attorney
OCT 4 1985

COURT OF APPEAL, FOURTH DISTRICT

DIVISION TWO.

STATE OF CALIFORNIA

COURT OF APPEAL - FOURTH DIST.

FILED

JUN 27 1983

KEENAN G. CASADY, Clerk

Deputy Clerk

PEOPLE OF THE STATE OF CALIFORNIA, )
     Plaintiff and Respondent, )
v. )
NORMAN ANTHONY BROWN, )
     Defendant and Appellant. )

4 Crim. 14717

(Super.Ct.No. CR-19235)

O P I N I O N

APPEAL from the Superior Court of Riverside County. John H. Barnard, Judge. Affirmed.

Edison P. McDaniels for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven V. Adler and Luis R. Vargas, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Norman Anthony Brown was convicted by jury verdict of one count of kidnapping (Pen. Code, § 207), one count of robbery (Pen. Code, § 211), six counts of forcible oral copulation while acting in concert with another person (Pen. Code, § 288a, subd. (d)), three counts of forcible rape (Pen. Code, § 261, subd. (2)) while acting in concert with another person (Pen. Code, § 264.1), and one count of forcible

-1-

EXHIBIT

personally forced Lynn to submit to a final act of oral copula-
tion. Defendant then took Lynn to Green's car where he partici-
pated in a discussion about taking Lynn to Los Angeles in order
to make more money. This evidence is ample to establish defen-
dant's guilt as an aider and abettor.

### III

Defendant was sentenced to a full, separate, and consecu-
tive term under Penal Code section 667.6, subdivision (c), for
each of the 10 counts charging a sex offense. The middle term
was selected for each of these 10 offenses. The midterm was
also imposed for the crimes of kidnapping and robbery. Execu-
tion of sentence on the kidnapping count was stayed under Penal
Code section 654. The robbery conviction was treated as a sub-
ordinate term under section 1170.1, subdivision (a), and a con-
secutive sentence equal to one-third of the middle term was
imposed. The total term was 70 years.

Defendant contends, first, that sentencing under section
667.6 was erroneous because no prior convictions had been alleged,
admitted, or proved.

Apparently defendant has been misled by the form of section
667.6. Subdivisions (a) and (b) of that section provide special
sentence enhancements for sex crime recidivists. Subdivisions (c)
and (d) establish special rules for consecutive sentences for
certain sex offenses. Although all subdivisions share a common

23



FILED

FEB 27 1987

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NORMAN A. BROWN,                    )
                                    )
              Petitioner,           )    CASE NO. CV86-5637-CBM (B)
                                    )
         v.                         )    REPORT AND RECOMMENDATION OF
                                    )
BORG, WARDEN, et al.,               )    UNITED STATES MAGISTRATE
                                    )
              Respondents.          )
                                    )
_____)

        This Report and Recommendation is submitted to the
Honorable Consuelo B. Marshall, United States District Judge,
pursuant to the provisions of 28 U.S.C. 636(b)(1)(B) and General
Order 194 of the United States District Court for the Central
District of California.

        Petitioner Norman A. Brown,      ¹/  pro se and in forma
pauperis, initiated this action on August 28, 1986, by filing
Petition for Writ of Habeas Corpus by a Person in State Custody.
A Return and a Traverse having each been timely filed, the matter
has been at issue since December 4, 1986.

        1/  The Magistrate does not believe that he is related
to the petitioner.
/ / /

Exhibit 4

1    In 1982, in the Superior Court for Riverside County,
2  petitioner was tried to a jury and convicted of each of twelve
3  felonies described in the information, each alleged to have been
4  committed on October 13, 1981 against victim Lynne Koch: one count
5  of kidnapping, one count of robbery, three counts of forcible rape
6  and/or aiding and abetting same, six counts of oral copulation
7  and/or aiding and abetting same, and one count of penetration with
8  a foreign object.  C.T. 1-7.  Petitioner was sentenced to
9  imprisonment for a term of 70 years, calculated as follows:  one
10  year for the robbery, 6 years for the penetration with a foreign
11  object, and seven years for each other sex offense, 5 years for
12  the kidnapping being stayed.  C.T. 256.  The terms were expressly
13  to be served consecutively because of the finding that, kidnapping
14  and robbery aside, each offense was a separate and distinct
15  objective of the petitioner and "not one course of action."  R.T.
16  1077.  There was a further finding of aggravation, not used to
17  aggravate and impose the upper term, including great violence,
18  great bodily harm, threat of great bodily harm, other acts
19  disclosing a high degree of cruelty, viciousness and callousness
20  not charged as enhancements, the victim was particularly
21  vulnerable, there was premeditation, and the petitioner was on
22  probation at the time of the offenses.  R.T. 1074.

23    Respondent does not contend that petitioner has failed
24  to exhaust his California state remedies.

25    Petitioner contends that:  (1) the trial court
26  erroneously allowed testimony of an uncharged offense; (2) an
27  identification procedure was unconstitutionally suggestive; and
28  (3) there was insufficient evidence to sustain the conviction on

1    each count of aiding and abetting rape and oral copulation.

2          There is no merit to any issue raised in the petition.

3    There has been no showing – indeed there is no suspicion – that

4    petitioner was convicted of any of the subject counts "in

5    violation of the Constitution or laws or treaties of the United

6    States."   28 U.S. 2254(a).

7          THE MAGISTRATE THEREFORE RECOMMENDS that an Order be

8    issued by the Court (1) approving and adopting this Report and

9    Recommendation,  and  (2)  directing  that  judgment  be  entered

10   dismissing the petition on the merits.

11         DATED:  February 25, 1987.

12

13

14

15

16                    _____
                         VOLNEY V. BROWN, JR.
                         United States Magistrate

17

18

19

20

21

22

23

24

25

26

27

28

SEND

FILED
CLERK, U.S. DISTRICT COURT

NOV - 4 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| NORMAN ANTHONY BROWN, | ) | Case No. CV 99-09057 CB (AN) |
| Petitioner, | ) | MEMORANDUM AND ORDER SUMMARILY |
| | ) | DISMISSING FOURTH PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS FOR |
| | ) | FAILURE TO OBTAIN PRIOR |
| E. ROE, Warden, | ) | AUTHORIZATION FROM THE NINTH |
| | ) | CIRCUIT |
| Respondent. | ) | |
| | ) | |

## I.  Background and Proceedings

On September 8, 1999, petitioner Norman Anthony Brown, a state prisoner proceeding *pro se*, filed the pending Petition for Writ of Habeas Corpus (the "Petition") ostensibly asserting two grounds for relief.  The Petition challenges petitioner's conviction, on June 30, 1982, of kidnapping, robbery, six counts of oral copulation, two counts of rape, and one count of rape with a foreign object, for which petitioner received a sentence of 70 years in state prison.  [Petition at 3.]  The Petition represents petitioner's fourth attempt to obtain federal habeas corpus relief from his 1982

ENTERED ON JCMS    NOV 5 1999

P-SEND /"0"

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

DOCKETED ON CM

9          CENTRAL DISTRICT OF CALIFORNIA

MAR 1 5 2007

10          EASTERN DIVISION

BY _Na_____ 178

11
12   NORMAN BROWN,                    )   Case No. EDCV 07-00191 CBM (AN)
                                      )
13          Petitioner,               )
                                      )   MEMORANDUM AND ORDER
14       v.                           )   SUMMARILY DISMISSING
                                      )   SUCCESSIVE  PETITION FOR
15                                    )   WRIT OF HABEAS CORPUS FOR
     L. E. SCRIBNER, Warden,          )   FAILURE TO OBTAIN PRIOR
16                                    )   AUTHORIZATION FROM THE
          Respondent.                 )   NINTH CIRCUIT
17                                    )
18   ─────────────────────────────────)
19
20          On January 29, 2007, petitioner Norman Brown ("Petitioner"), a state prisoner

21   proceeding *pro se*, filed the pending petition for writ of habeas corpus pursuant to 28

22   U.S.C. § 2254 ("Petition") in the United States District Court for the Southern District of

23   California.  On February 9, 2007, the Petition was transferred to this Court and was filed

24   on February 15, 2007.

25          The Petition is directed at Petitioner's June 30, 1982 conviction for kidnapping,

26   robbery, six counts of oral copulation, two counts of rape, and one count of rape with a

27   foreign object, for which petitioner received a sentence of 70 years in state prison in the

28   Riverside County Superior Court on August 8, 1982, in case no. CR-19235 ("1982

1

Exhibit 6    ⑦

1  Conviction"). Pursuant to the Court's duty to screen §2254 petitions [1], the Court has

2  reviewed the Petition and attached exhibits, as well as this Court's own records, and the

3  Court finds it lacks jurisdiction to consider the Petition because it is an unauthorized

4  successive petition.

5       Specifically, the Petition constitutes Petitioner's *fifth* attempt to obtain federal

6  habeas corpus relief from his 1982 Conviction. In 1986, Petitioner filed the first petition

7  with this Court and, in 1987, the first petition was dismissed on the merits. [*Norman A.*

8  *Brown v. Borg, Warden, et al.*, case no. CV 86-05637 CBM (B) (C.D. Cal.), 2/27/87

9  Report and Recommendation and 4/27/87 Judgment.] In 1990, Petitioner returned to this

10  Court and filed the second petition, which this Court eventually dismissed on the merits

11  in 1991. [*Norman A. Brown v. Borg, Warden, et al.*, case no. CV 90-02494 WDK (B)

12  (C.D. Cal.) 1/23/91 Report and Recommendation and 4/17/91 Judgment.] In 1994,

13  Petitioner filed a third petition with this Court that was dismissed as an abuse of the writ.

14  [*Norman Anthony Brown v. Director, Department of Corrections, et al*, case no. CV 94-

15  07399 JGD (GHK) (C.D. Cal.), 4/18/95 Report and Recommendation and 6/1/95

16  Judgment.] In 1999, Petitioner filed the fourth petition with this Court that was eventually

17  dismissed as an unauthorized successive petition. [*Norman Anthony Brown v. E. Roe,*

18  *Warden*, Case No. CV 99-09057 CBM (AN) (C.D. Cal.) ("*Brown IV*"), 11/4/99

19  Memorandum and Order and 11/4/99 Judgment.] Petitioner subsequently filed requests

20  for a Certificate of Appealability with this Court and the United States Court of Appeals

21  for the Ninth Circuit, both of which were denied, respectively. [*Brown IV*, 11/03/03

22  Order (CBM) (docket #6); 10/22/04 Order, case no. 03-72857 (9th Cir.).]

23

---

24      [1] This Court has a duty to promptly screen applications for habeas corpus relief. Rule 4 of the Rules Governing §2254 Cases in the United States District Courts ("§2254

25  Rules"), Rule 4 Advisory Committee Notes. If it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not then entitled to relief in the

26  district court, the judge must make an order for summary dismissal of the petition and cause the petitioner to be notified. Rule 4 of §2254 Rules; *see also* Local Rule 72-3.2

27  (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that

28  petitioner is not entitled to relief).

1      The pending Petition is governed by the provisions of the Antiterrorism and

2  Effective Death Penalty Act of 1996 ("AEDPA"), which became effective April 24, 1996.

3  *Greenawalt v. Stewart,* 105 F.3d 1287 (9th Cir.), *cert. denied,* 519 U.S. 1103, 117 S.Ct.

4  794 (1997).  AEDPA established a "gatekeeping" mechanism for the consideration of

5  "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin,*

6  518 U.S. 651, 657, 116 S.Ct. 2333, 2337(1996).  Under the AEDPA, a prisoner seeking to

7  file a "second or successive" habeas petition must first obtain permission to do so from the

8  appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).  A prisoner's failure to comply

9  with §2244(b) deprives the district court of jurisdiction to consider a second or successive

10  petition. *Burton v. Stewart,* 549 U.S. ---, 127 S.Ct. 793, 796-99 (2007).

11      It plainly appears from the face of the Petition and attached exhibits, as well as the

12  records of this Court and the Ninth Circuit, that the Petition is successive and that

13  Petitioner has not sought or obtained the Ninth Circuit's authorization to bring a second

14  or successive petition for the purpose of challenging his 1982 Conviction.  Accordingly,

15  the Petition must be dismissed because this Court lacks jurisdiction to consider it. *Burton,*

16  *id.* The Clerk is directed to enter the judgment of dismissal.  Any other motions or matters

17  are terminated as moot.

18

19      IT IS SO ORDERED.

20

21  Dated: 3/12, 2007                  

22                              CONSUELO B. MARSHALL
                                 UNITED STATES DISTRICT JUDGE

23

24  Presented by:

25

26

27         Arthur Nakazato
    United States Magistrate Judge

28

3

RECEIVED CAL APPEALS AUG 30 2007

**ATTCHMENT** 06 0701-898

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____

2. **JUN 0 8 2006**

Log # _____    Category 6-10

1. **06 - 01298**

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME NORMAN BROWN | NUMBER C.52068 | ASSIGNMENT welding | UNIT/ROOM NUMBER Shasta B 239 |
|---|---|---|---|

A. Describe Problem: 3084.7 (a) (1) Emergency Appeal
My Civil Rights are being Violated
Pleare Read Pg. 1 and 2 and 3

I have been committed to state Prison under a phony
uncertified amended Abstract of Judgement.
3075 (a) Initial Intake

If you need more space, attach one additional sheet.

B. Action Requested: I demand to be released from Prison
because each day Passing is an Direct continuing of my
Civil Rights violation. (If I am being held illegally)
I have attached copy of my Amended abstract of Judgment for exaustion purpos

Inmate/Parolee Signature: _Norman Brown_    Date Submitted: April 19 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

RECEIVED
JUN 1 0 2006
Date Submitted: _____

Signature: _____ RECEIVED _____    RECEIVED

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

JUN - 8 2005
SCREENED OUT
AUG 24 2007
CTF APPEALS

RECEIVED
APR 26 2006

APR 24
CTF APPEALS

CTF APPEALS

06 - 01298

Exit 7

ATTCHMENT TO: 0 7 0 1 3 9 3

First Level ☐ Granted ☐ P. Granted ☑ Denied ☐ Other APR 2 6 2006

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: JUN 0 8 2006

Interviewed by: C. Dahms - During interview you said you Understood - The amended abstract of Judgment you refered to when describ the problem has a "Seal of the Court" embossed on it. The Abstract is deemed certified if it has any two of the following: 1) Original signature of the Judge; 2) Original signature of the County Court Clerk; 3) Original county seal. The Abstract you refer to has the original signature of the Court Clerk & the County Seal is Embossed on the bottom of the A.0.5 Regarding your EXIBIT (pg. 6) See Attached memo page

Staff Signature: C. Dahms Title: CCRS Date Completed: 06-06-06

Division Head Approved: Returned

Signature: [signature] Title: C&PR Date to Inmate: JUN 0 8 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I am dissatisfied with the response and I'd like to continue with exausting all levels of appeal.

Signature: Norman Brown Date Submitted: June 14 2006

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JUN 2 2 2006 Due Date: JUL 2 1 2006

☒ See Attached Letter

Signature: [signature] A25.B5 [signature] CCRM Date Completed: 7-19-06

Warden/Superintendent Signature: [signature] Date Returned to Inmate: JUL 2 4 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

RECEIVED

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

CTF APPEALS

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Norman Brown _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _____ Petitioner _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ____ 8th ____ DAY OF: ____ July ____ 20 08 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) ____ Norman Brown ____
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL
### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Norman Brown _____ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM/ NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON July 8th 20 08 I SERVED THE FOREGOING: Objection to
Magistrates Report and Reccomendation / Sent in name as my
Access to court has been infringed upon Andre Butts

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED) Andre Butts
July 8
2008

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

United States District court
Southern District
Office of the clerk
830 Front street Rm 4290
San Diego CA; 92101 - 8900

Office of Attorney General
110 W A Street Suite 1100
P.O Box 85266
San Diego CA 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: July 8th 2008 ____ Norman B ____
(DECLARANT/PRISONER)