UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN BROWN,<br><br>               Petitioner,<br>v.<br>L.E. SCRIBNER, Warden,<br>               Respondent. | Civil No. 07CV2079 JAH(AJB)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On October 24, 2007, petitioner, a state prisoner appearing *pro se*, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Honorable Anthony J. Battaglia, United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)B) and Local Rule HC.2(a). On April 14, 2008, respondent filed an answer to the petition and petitioner filed a traverse on June 5, 2008. Judge Battaglia issued a report and recommendation ("report") on June 12, 2008, recommending that this Court to dismiss the petition as untimely. Specifically, Judge Battaglia found the petition untimely filed and that petitioner was not entitled to statutory or equitable tolling. On July 11, 2008, petitioner filed objections to the magistrates judge's findings and conclusions contained in the report. This Court subsequently overruled petitioner's objections, adopted the report it its entirety and dismissed the petition as untimely filed.

On August 26, 2009, petitioner filed a notice of appeal. *See* Doc. # 43. Although petitioner did not expressly request a certificate of appealability concurrently with his notice of appeal, this Court *sua sponte* considers whether a certificate of appealability

1  should be granted.  *See* Fed.R.App.P. 22(b); <u>United States v. Asrar</u>, 116 F.3d 1268, 1270
2  (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice
3  of appeal shall be deemed to constitute a request for certificate.").

4        A certificate of appealability is authorized "if the applicant has made a substantial
5  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this
6  threshold showing, a petitioner must show : (1) the issues are debatable among jurists of
7  reason; or (2) that a court could resolve the issues in a different manner; or (3) that the
8  questions are adequate to deserve encouragement to proceed further.  <u>Lambright v.
9  Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473
10 (2000) and <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983)).

11       Here, petitioner appeals this Court's order dismissing the petition for writ of habeas
12 corpus as untimely filed.  In overruling petitioner's objections and dismissing the petition,
13 this Court agreed with the magistrate judge's determination that the one-year statute of
14 limitations, set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"),
15 applies to petitioner's federal habeas petition, and had already expired when he filed his
16 first state habeas petition, rendering statutory tolling unavailable to petitioner.  This Court
17 also agreed with the magistrate judge's finding that there were no facts in the record to
18 support equitable tolling of the statute of limitations.  Therefore, this Court adopted the
19 magistrate judge's recommendation and dismissed the petition as untimely.

20       This Court finds that a certificate of appealability is not warranted in this instance
21 because the dismissal of the petition under the circumstances here is not an issue debatable
22 among jurists of reason nor could any other court resolve the issue in a different manner.
23 <u>Lambright</u>, 220 F.3d at 1024-25.  Accordingly, this Court **DENIES** a certificate of
24 appealability in this case.

25       **IT IS SO ORDERED.**

26 DATED:   October 16, 2009

27

28                               JOHN A. HOUSTON
                              United States District Judge